NOLAN, respondent, *v.* LOVELOCK et al., appellants.

MINING PARTNERSHIP — *authority of partners in mining to hire laborers.* The law presumes that every member of a mining firm has authority to hire laborers and make the firm liable for their wages, if they are necessarily employed in working upon the joint property, and no evidence of such authority is required.

MINING PARTNERSHIP — *liability for wages of laborers, with notice.* Laborers that are hired by one member of a mining firm cannot recover their wages from the firm, if they had notice of an express agreement that such a contract must be ratified by all the members.

PLEADING — *complaint on mechanics' lien must state a contract.* The complaint of a party, who claims to have a lien upon mining ground, for labor performed, must state facts that constitute a contract, but it is not necessary to name the contract.

MECHANICS' LIEN — *not lost by excessive claim.* A laborer does not lose his lien for the amount actually due, by claiming a lien for a sum in excess of that to which he is entitled, unless there is fraud connected with the transaction.

*Appeal from the Third District, Meagher County.*

IN April, 1870, Nolan commenced this action against Lovelock, J. R. Weston and J. A. Harding, in the district court in Meagher county. The defendants demurred to the complaint, because there was a defect and misjoinder of parties defendant; the complaint did not state facts sufficient to constitute a cause of action, and the complaint was ambiguous. The demurrer was overruled by the court, SYMES, J., and defendants excepted.

The cause was tried in May, 1870, by the court, SYMES, J.

It appeared from the evidence that the defendants owned mining ground in Confederate gulch, Meagher county, in the following undivided proportions: Lovelock, $\frac{64}{100}$; Weston, $\frac{26}{100}$; and Harding, $\frac{10}{100}$. Lovelock hired Nolan to run a whim upon the mining ground, and agreed to pay him for his services and the use of his mule, $7.50 per day. Weston sometimes paid him for his services, and gave him on January 6, 1870, the following instrument: "Due from Lovelock, Weston & Co. to date, to John Nolan, $444.50." The defendant also owed other sums to Nolan on different accounts. Neither Harding nor Watson ever spoke to Nolan about his contract. None of the defendants had any authority from the others to hire laborers, or bind them by his contracts, and each defendant was to pay his proportion of the expenses.

The plaintiff filed his account in the county recorder's office, in Meagher county, to secure a lien on the mining ground for his services, and claimed that the defendants owed him $544.90.

The court rendered judgment for plaintiff for $544.90, and that he was entitled to a lien on the mining ground to secure the payment of $445.90 thereof.

. The court, SYMES, J., overruled the defendants' motion for a new trial, and defendants appealed.

CHUMASERO & CHADWICK, for appellants.

The demurrer was well taken. The complaint would not support an action for the enforcement of the lien, unless it

contained an averment that the labor was done under a contract, and the lien was filed for personal property, and, therefore, could not be enforced. Houck on Liens, §§ 55–132.

It was error to admit evidence of a contract, when there was none in the complaint.

The appellants, according to the evidence, were not governed in the management of the premises in question (being mining ground) by the law governing commercial copartnerships, but were tenants in common, uniting in a general system of management. There was no joint indebtedness, as found by the court. Rockwell on Span. and Mexican Law, 5, 574, *et seq.; Skillman* v. *Lachman*, 23 Cal. 199.

The evidence showed that respondent was seeking to enforce a lien for a much larger amount than he was entitled to. He, therefore, lost his right to a lien for any portion of the amount claimed. Houck on Liens, § 210.

S. ORR and SHOBER & LOWRY, for respondent.

The complaint is sufficient, under the laws of Montana, to support a laborer's lien. Acts 1865, 334; Acts 1867, 80.

The evidence of the contract was properly admitted. *Farron* v. *Sherwood*, 17 N. Y. 227.

The evidence shows that appellants were mining partners, and liable as such to respondent for the labor he performed on the mining ground owned by appellants jointly, and the drain to said ground. *Skillman* v. *Lachman*, 23 Cal. 199; *Duryea* v. *Burt*, 28 id. 569; *Dougherty* v. *Creary*, 30 id. 290.

The parties owning a mining claim as tenants in common, and engaged in working it, are partners. It is not necessary that there should be an express stipulation between the partners to show the profits and losses, as that is an incident to the prosecution of their joint business. Sto. on Part., §§ 18–25–82; Coll. on Part., § 18; 3 Kent's Com. 24, 25.

KNOWLES, J. This is an action to foreclose a lien upon certain mining ground owned by appellants, for work and

labor done thereon. The respondent, in the court below, obtained judgment against the appellants for $554.90, and a decree for the sale of this mining ground — upon which a portion of the work had been performed — to satisfy $445.90 of this amount. The appellants, in the court below, moved for a new trial, which was denied. From this judgment they appealed to this court, assigning as error the points which will now be considered.

The evidence shows that the appellants owned certain mining ground in Confederate gulch as tenants in common ; that they worked it together, and that the gold taken therefrom went first to pay the expenses of working it, and the residue, if any, was to be divided among them in proportion to the interest of each in the mining ground. This made them mining copartners. *Duryea* v. *Burt et al.*, 28 Cal. 569.

One of the partners, Lovelock, employed respondent to work on the mining ground in mining. He performed work that amounted to $445.90, for which he was not paid. The question arises whether Lovelock had authority to bind his copartners in contracting a debt for working in their mine. One partner in a mining copartnership has authority, by implication of law, to bind his copartners in creating a debt for the purposes of working their mine, if it appears that such work was useful or necessary for that object. Yale on Mining Claims & Water Rights, 224, and cases there cited. There is no doubt but that the labor performed by respondent was useful in working their mine, and that appellants received the benefit of it. Perhaps, in some cases, one partner might limit his liability even for necessaries, by giving notice to the person performing such work, in due time, that he would not be liable therefor. Where, however, a firm is composed of more than two persons, if a majority agree upon any undertaking in working mining ground, it would be doubtful whether any one of the partners could limit his liability for necessaries, as a majority of the firm, in such cases, ought to control. *Daugherty* v. *Creary*, 30 Cal. 290.

In this case there were three copartners, one of whom hired respondent, and another of whom settled with him and gave him a memoranda, stating how much the firm was indebted to him. This would go to show that, at least, one had contracted with respondent, and the other had ratified it. The appellants all testified that neither one of the firm had authority to bind the others, and also considerable concerning the interest of each in the mining ground. It might be that some of this evidence was introduced to show that the copartners had limited their liability, but I do not think it was sufficient to warrant the court in finding any such notice. I am, however, inclined to think that appellants introduced this evidence to show that appellants were tenants in common of the mine, and, hence, were mining copartners, under the impression that it devolved upon the respondent to show some express authority, from each copartner, to authorize any member of the firm to bind the rest. The rule, however, is different. It devolves upon the firm to show that they had an express agreement with each other, that one should not contract for what was useful or necessary without the express consent of the others, and that the party contracting with any member of the firm had notice of this agreement. Without this the law gives authority to each member of a mining copartnership to bind the rest for what is useful and necessary in their undertaking. No such agreement as this was proved in this case.

There is nothing in the point insisted upon by appellants' counsel, that the complaint does not state facts sufficient to warrant the court in decreeing respondent a lien on the mining ground, because the complaint does not say that the respondent labored upon this mining ground under an express or an implied contract. The facts set forth in the complaint show that the respondent performed the work under an implied contract. This is sufficient. It is not necessary for a party to state the name of the contract he sues under. When he states the facts amounting to a contract the law names it.

It is claimed by appellants that, because respondent claimed a lien for a larger amount than he was entitled to, he lost his lien. A person seeking to foreclose such a lien appeals to the equity powers vested in a court. No court of equity ought, in the absence of an express and positive statute, to hold that a person claiming a lien for more than he was entitled lost his lien, unless it clearly appeared that there was some fraud connected therewith.

The respondent is, therefore, entitled to a judgment against the appellants for $445.90, and a lien for that sum on the mining ground upon which he performed the work.

The court below gave the respondent a further judgment for $93, for work done on a bed-rock flume. In the statement on the motion for a new trial, the contract under which this work was done is set out in full. It is not a joint contract. These appellants and other parties became bound, individually, each in a certain sum, and neither one, in any way, became bound for the other. There is no evidence that this copartnership ever became, in any way, bound for this debt. If any of the individual members of the firm owe this amount, or portions of it, the respondent must recover it of them individually. He cannot recover it in this action.

The judgment of the court is, therefore, modified. Respondent should have judgment for $445.90, and a decree for the sale of the mining ground specified in the notice of lien.

*Judgment modified.*