MASON et al., respondents, v. GERMAINE et al., appellants.

1  263
1  279
1  345
2  477
2  548

1  263
12  349
30*  291

1  263
18  535

PRACTICE — *default — judgment after appearance.* A default cannot be entered against a defendant, after he appears, but judgment can be rendered against him for want of an answer.

PRACTICE — *intermediate orders reviewed.* On appeal from a judgment, this court will review intermediate orders that affect the judgment.

PRACTCIE — *suits consolidated.* Suits cannot be consolidated, unless the parties are the same and the subject-matter can be joined.

PRACTICE — *mechanics' liens — one trial — one sale.* The rights of all the parties to an action, that claim liens upon the same premises under the act "securing liens to mechanics and others," must be adjudicated in one proceeding, and the several liens of the parties should be satisfied out of the proceeds of the same sale of the incumbered property.

PRACTICE — *questions of fact not considered without the statement.* On appeal from an order refusing a new trial, questions of fact will not be considered, unless all the evidence is brought before the court in the statement.

PRACTICE — *errors not reviewed.* Errors of law that are immaterial or not properly specified will not be reviewed.

PRACTICE — *stipulation not in the statement.* The stipulation of attorneys, that is not embodied in the statement, will be disregarded on appeal.

PRACTICE — *presumption in absence of evidence.* This court will presume, in the absence of the evidence, that the court below found the facts correctly.

MECHANIC'S LIENS — *excessive claims — fraud.* A party who, without any fraudulent intent, claims in his complaint and notice of lien a larger amount than that found by the court, does not destroy his lien for the amount actually due.

ASSIGNMENT OF MECHANIC'S LIEN. The lien of a mechanic for labor that has been performed, follows the assignment of the account of the labor.

PRACTICE — *process, if court makes one a defendant.* No process is required when the court orders that a person be made a defendant, and all the parties to the action are charged with notice thereof.

STATUTORY CONSTRUCTION — *statute prefers liens of mechanics.* The act passed December 30, 1864, "securing liens to mechanics and others," gives preference to the liens of mechanics and material men over any incumbrance made after the building is commenced. WARREN, C. J., dissenting.

*Appeal from the Third District, Lewis and Clarke County.*

THIS action was tried by SYMES, J., at the April term, 1870, and a decree was made in favor of Mason *et al.*, plaintiffs. The facts appear in the opinion.

WOOLFOLK & TOOLE, for appellant, Germaine.

The court erred in refusing to consolidate and require all the parties to litigate their rights in one action. Acts 1865, §§ 11, 12, 13.

The allegations of the complaint will not support the prayer thereof. Civ. Prac. Act, § 39; 1 Edw. Ch. 654; 1 U. S. Eq. Dig. 278, 280, 281, 292.

The statement of facts agreed upon was in the nature of a special finding. The answer denies the contract sued on, and the statement will not support the contract. The appellant could set up the true contract in his answer to defeat the respondents. *Murphy* v. *Napa County*, 20 Cal. 497.

The agreed statement would only support a personal judgment, if any. A contract is necessary to support a lien. *Houghton* v. *Blake*, 5 Cal. 240; *Brewster* v. *Hartley*, 37 id. 15; *Walker* v. *Hauss-Hijo*, 1 id. 183.

The mechanic's lien law is in derogation of the common law, and a party claiming rights under it must show a strict compliance. Respondents never complied with sixth section of the Acts of 1865, page 333.

There was no evidence to support the contract. Appellant never agreed that judgment should be rendered against him. The variance between the findings, evidence and decree is fatal. Respondents' contracts, as set up in their complaint, will not support liens. No definite time for doing the work is alleged. Houck on Liens, § 135. The findings do not show that the contracts were made and services rendered upon the property described.

McKillican had no right to assign to Bilsland. Houck on Liens, § 199.

CHUMASERO & CHADWICK, for appellant, Davis.

The decree of the court below was erroneous. Bilsland commenced work on July 16, 1869, and completed on November 10, 1869. The mortgage of Davis was made and recorded on June 9, 1869. The lien of a mechanic can only date from the time he commenced work. In Missouri, under a similar statute, the lien begins when the first work is performed. *Dubois' Adm'r* v. *Witson's Trustees*, 21 Mo. 213. No authorities are cited by the court to sustain its ruling. Such a construction is unconstitutional, as impairing the obligation of contracts and interfering with vested rights.

Houck on Liens, §§ 50, 54.   In Missouri, the court has re-
ceded from its position in 21st Missouri.   39 Mo. 170.

In Iowa, the court held that the lien attaches at the com-
mencement of the work.   Houck on Liens, § 142.

The lien law must be strictly construed.   *Brady* v. *An-
derson*, 24 Ill. 112; *Philip* v. *Stone*, 25 id. 80; Houck on
Liens, § 70.

The decree was rendered for more than was due under
any circumstances.   The assignment of the indebtedness by
a mechanic could not convey the right to a lien.   Houck on
Liens, § 198.

There is nothing in the evidence or findings of the court
which justifies the decree in foreclosing Davis from all
equity of redemption.   The finding is that respondent, Bils-
land, is entitled to a lien, but not that such lien is prior to
the mortgage of Davis.

SHOBER & LOWRY, W. F. SANDERS and J. A. JOHNSTON,
for respondents.

Mechanic's liens attach from the time of the commence-
ment of the building and have priority over all incum-
brances made subsequently.   Acts 1865, 334, § 8; *Dubois'
Adm'r* v. *Witson's Trustees*, 21 Mo. 214; 1 Hill. Real Prop.
492, § 40; Acts 1867, 80; Houck on Liens, 163; *Jones* v.
*Swan*, 21 Iowa, 183; *Cogel* v. *Mickow*, 11 Minn. 475.

A mortgagee must examine the premises and see that they
are free from the liens of laborers.   Houck on Liens, § 50.

It is not necessary to state with whom the contract was
made.   *Hauptman* v. *Catlin*, 20 N. Y. 247.

Courts favor mechanics and construe the law liberally in
their favor.   Houck on Liens, §§ 66–68.

Every fact not found will be presumed to be in accordance
with the judgment.   *Emmal* v. *Webb*, 36 Cal. 197.   The
facts found are sufficient to sustain the judgment.

The denials of appellants respecting the liens are worth-
less, because they deny conclusions of law.   *Wedderspoon*
v. *Rogers*, 32 Cal. 569; *People* v. *Supervisors*, 27 id. 655;
*Landers* v. *Bolton*, 26 id. 416.

WARREN, C. J. On the 25th day of November, A. D. 1869, the respondents filed their complaint in the district court of the third judicial district in and for Lewis and Clarke county, to enforce a lien for work done and materials furnished by plaintiffs upon and for a certain building erected upon certain lots situated in the town of Helena, described in the complaint, under a contract with the owner, G. Jules Germaine, one of the defendants. The other defendants are made parties to the proceeding upon the ground of interest in the property sought to be charged, claimed by them respectively, which is alleged to have accrued subsequent to plaintiffs' lien. It does not appear that summons issued, but defendants Davis and Germaine answered separately, and the court finds in the judgment rendered that all the defendants except Germaine, Davis, Dahler and Wyttenbach appeared to the action, waived service of summons and that default was regularly entered against them respectively. After appearance of a defendant in an action default cannot be entered against him, but judgment can be rendered by *nil dicit* or for want of answer, and such is substantially the course pursued in this case.

On the same day, November 25, 1869, John Bilsland, one of the defendants in this suit, filed his complaint in the same court, to enforce a mechanic's lien upon the same building and lots, making the plaintiffs in this suit, together with his co-defendants herein, parties defendant in that proceeding, and on the same day defendants Clark, Conrad and Curtin, commenced a proceeding, in the same court, for the purpose of enforcing a lien for materials furnished for the same building, and in which the same parties are impleaded.

On November 27, 1869 William P. Wilder and John Slimely, D. B. Dressley, Samuel Davenport, E. L. Curry, respectively; and on November 29, 1869, Barnes and Arnold, as partners; and on December 14, 1869, R. S. Hale; and on February 10, 1870, Benjamin Daily ; and on February 12, 1870, D. B. McKillican, each being a defendant in this suit, separately commenced a suit to enforce their several liens against the same property, and impleading the parties to

this suit, in each proceeding. Afterward such proceedings were had in each one of said suits, that judgment was rendered in favor of the respective plaintiffs, and in each case a separate decree of sale of the property was entered to satisfy the lien found.

In each one of these several proceedings defendant Germaine entered a motion for an order to consolidate these actions, and also to require the plaintiffs therein to litigate their respective claims in one action, and that all matters adjudged between the parties should be embraced in one decree. These motions were each overruled by the court.

Upon appeal from a judgment this court will review intermediate orders affecting the judgment, and we will first consider the order overruling these motions, as affecting the question of costs, and the rights of the parties appealing.

A consolidation of suits is only ordered where the parties, plaintiff and defendant, are the same in each, and the subject-matter such as may be joined, so that this was not properly a question of consolidation of the suits. The practice and proceedings, however, under the act in question are the same as in other civil actions. The remedies under it are two-fold — an ordinary judgment, and, in the event no sufficient property be found, enforcement of the lien established by sale of the property charged. As between themselves the several lienholders take priority in the order of filing their accounts and notices of lien with the county recorder.

Where separate suits are commenced, the plaintiffs in which are not united in interest, and several judgments are sought, joinder of their actions would be improper, but in so far as the statute provides for enforcement of the liens created by it against the same property in favor of several lienholders, the action under it is in the nature of an equitable proceeding, and should be governed by the rules pertaining to such.

It is not necessary to determine at this time whether in a suit instituted under the act a party may recover a judgment at law for the amount found due to him, notwithstanding

his failure to establish a lien therefor. So far as the liens are concerned, the several lienholders are to be regarded as incumbrancers of the same property sought to be charged, and their respective rights adjudicated as such. The "act securing liens to mechanics and others," provides that parties to the contract shall, and all others interested may, be made parties, but at the same time the practice in other civil cases is made applicable under it, and, under our practice, a defendant is required to answer the complaint, specifically, and also to set up as a counter-claim any matter which entitles him to relief, either against the plaintiff or any co-defendant. It is not permitted him, after the court has acquired jurisdiction over him in a cause either by service of summons or by voluntary appearance, to suffer a default or fail to answer, and then institute a separate action in which the same subject-matter and parties are involved. While different lienholders need not necessarily be made defendants unless it is sought to bind them by the decree, yet if made defendants, as in this case, their rights must be adjudicated in one proceeding so far as their several liens are concerned.

None of the parties in these causes have appealed to this count except Germaine, who appeals separately in each, and Davis, who appeals in the proceeding in which Bilsland is plaintiff below. There is manifest injury sustained by these appellants in permitting each one of the defendants in this cause to maintain a separate action for the enforcement of his lien, and in each entering a decree of sale of the property, when, under our practice act — as well as under the established chancery practice — the rights of all should have been determined in one action, and the several claims established as liens, ordered satisfied out of the proceeds of one, and the same sale of the property charged.

By the course pursued the appellants are not only harrassed by multiplicity of suits, and subjected to accumulation of costs, but suffer from possible sacrifice of the property, in consequence of the twelve sales ordered. It may be remarked, also, that the several lienholders, although

not appealing, sustain injury in consequence of the proceeding. It is claimed that each has the right to redeem from the preceding sale or sales ordered, but this is not adequate protection of his rights, and may be substantially a denial of them. Mechanics and material-men are not always men of capital; and to require junior lienholders to pay off all prior liens, in order to protect their own liens, defeats the purpose of the act.

We hold, therefore, that the court erred in overruling the motion of defendant Germaine, to require the defendants to submit their respective rights for adjudication in one action; but we feel authorized, as an appellate court, to correct this error, and to treat the several complaints filed as counter-claims, set up by them respectively; and since the motion of Germaine was filed in each case, and since this action, in which Mason and Duke are plaintiffs, is the first cause on the calendar of this court, commenced on November 25, 1869, in the court below, we will regard said complaints as counter-claims in this cause, and will review the transcripts in the order in which they stand on this calendar, and having reference, also, to the date of filing below.

Before considering the questions raised in each case separately, we will first pass upon questions applicable to all equally. In each case defendant Germaine appeals from the judgment rendered, and from the order overruling his motion for a new trial. This he may do; but, upon appeal from a judgment, not accompanied by a statement, this court will only review errors of law appearing on the record itself, properly specified. Upon a motion for a new trial there must be, in every instance, either a statement, signed by the attorneys of the parties, or settled and certified by the judge, or affidavits, showing the errors alleged. No question of fact will be considered in this court, unless all the evidence relating thereto be embodied or definitely referred to in the statement; nor will any error of law be regarded unless material, and properly specified in the statement. Mere recitation in the transcript of what purport to be facts or stipulations of attorneys, not embodied in or

distinctly identified by the statement, will not be considered. In this case, in every instance, that which purports to be a "statement" is, more properly, a notice of a motion for a new trial than a statement, and, in no instance, is the evidence embodied or definitely referred to ; and, hence, it will be presumed in this court that the evidence was sufficient to support the finding of facts in the court below, and we will be confined to examination of errors in law appearing upon the record and properly specified. The several notices of appeal specify that the respective appeals are from the "findings" of the court below, as well as from the judgments and orders overruling the motions for a new trial, and we will remark that no appeal lies from the "findings" of a court which correspond to the special verdict of a jury. The "statement" on the motion for a new trial, in each instance, specifies as grounds for the motion, in addition to error of law and insufficiency of the evidence, "irregularity in the proceedings of the court." The "irregularity" mentioned in the statute refers to irregularity in the proceedings, not appearing on the face of the record, and must be shown by affidavit. The "irregularities" specified in the several statements are not of this character, but appear on the record and we will so consider them.

In the case under consideration, wherein Mason & Duke are plaintiffs, the first error of law specified is the overruling of the demurrer of appellant, Germaine, to the complaint. The demurrer we hold to have been properly overruled, as the facts stated constitute a cause of action.

The order overruling the motion to require defendants to litigate their respective rights in this proceeding we have already considered, and the error assigned in rendering the decree of course depends upon the determination of the other questions presented.

The second ground of the motion for a new trial is, "insufficiency of the evidence to support the findings and decree ;" but, as we have already stated, all the evidence not being preserved and embodied in the statement settled, we must presume in favor of the judgment below.

There appears in the transcript a stipulation signed by the attorneys of the respective parties, as to the amount due plaintiffs, and also an entry reciting the examination of witness upon certain matters and the allowance of $75 as damages by the court for a defective range and flue, but both of these, neither forming a part of the record nor being embodied in a statement, will be disregarded.

The fact that the complaint and notice of lien claimed as due plaintiffs a larger amount than that found by the court will not destroy their lien for the amount actually due, unless there be a fraudulent intent in filing the same, which must be proven and will not be presumed.

Upon the other points specified, the evidence necessary to sustain them not being preserved, the presumptions are in favor of the judgment below.

The court finds that the building in question was commenced May 21, 1869 ; that thereafter plaintiffs, Mason & Duke, under a contract with the owner, defendant Germaine, furnished material for and performed labor on the same, and within sixty days after completion of said contract, and on September 29, 1869, at $2\frac{1}{4}$ o'clock P. M. of said day, duly filed their notice of lien and account in the county clerk's office of said Lewis and Clarke county, and that there was due plaintiffs therefor $5,215.46, for the payment of which they were decreed a lien on the property described.

In the case of *John Bilsland*, defendant Germaine appeals from the order overruling his motion for a new trial ; and defendant Davis appeals from the decree therein rendered as against him. Under our view, the appeal of Davis in this case is as effectual as if he had appealed in all, and his rights and priority as mortgagee can be determined fully, and we will consider these questions hereafter.

In the order overruling Germaine's motion for a new trial, a statement has been referred to as having been settled by the court, although none is certified by the court. Some evidence is set out in the transcript, but it is not certified, nor does it purport to be all the evidence, and the presumptions favor the judgment below. The error assigned in

overruling the demurrer to the complaint, and in admitting proof of and sustaining the assignment of McKillican's lien to plaintiff, we do not think well grounded. While a lien is inchoate, and before the completion of the contract, an assignment of the claim for labor or materials would not carry a lien, but we can see no reason in law, public policy, or principle, why a lien, when perfected, should not follow the assignment of the claim on which it is founded. The other errors assigned we have considered.

The court finds the plaintiff entitled to a lien for $2,064.75, and that he duly filed his notice of lien for $742.87½ on November 17, 1869, at 2 o'clock P. M., and that McKillican at the same time duly filed notice of his lien for $1,242.50. It is evident the court allowed interest upon these claims, and to sustain this ruling it must be presumed there was evidence before it that the amounts were vexatiously withheld. In the following cases no new questions are raised. The court finds Clark, Conrad and Curtin entitled to a lien for $627, and that notice of lien was filed November 22, 1869; that D. B. Dressler is entitled to a lien for $566.50, and that notice of lien was filed November 17, 1869; that William P. Wilder is entitled to a lien for $1,505.75, and that notice of lien was filed November 17, 1869, by himself, for $771.78, and on the same day at 10 o'clock A. M., by John A. Murphy, for $734, and that Murphy duly assigned his claim and lien therefor to Wilder; that John Slimely is entitled to a lien for $400, and filed his notice of lien on November 17, 1869, at 11½ o'clock A. M.; that Barnes & Arnold are entitled to two liens, one for $5,277.69, notice of which was filed November 17, 1869, at 11½ A. M., and the other for $1,037.87, notice of which was filed November 11, 1869. In this case the court made John Kinna a party defendant on his own motion. Kinna filed his answer setting up a lien on the property, for work done upon and materials furnished for the same. This was proper practice. The "objections" of appellant, though not properly presented, we will review.

The first is, that appellant was not served with process,

and did not appear in such proceeding. The order made by the court, making Kinna a defendant in the cause, charged all the parties with notice, and no process was required. Each party, however, was entitled to service of a copy of his answer and counter-claim. If such copy was not served, and appellant desired to save the error, it should have been presented by affidavit as an irregularity, and in the absence of such affidavit it will be presumed, from the finding of the court, that a copy was duly served, which gave the court jurisdiction of the subject-matter of the counter-claim. The court finds defendant, John Kinna, entitled to a lien for $1,139, and that notice of lien was filed November 30, 1869. The court also finds that Samuel Davenport is entitled to a lien for $480, and that he filed notice of lien November 17, 1869 ; that E. L. Curry is entitled to a lien for $888, and that notice was filed November 17, 1869, at 2 o'clock P. M. ; that R. S. Hale is entitled to a lien for $470.35, and filed notice November 15, 1869 ; that Benjamin Daily filed notice of lien for $571.63, on January 12, 1870, and is entitled to a lien for $590, which must include interest allowed for vexatious withholding ; that D. B. McKillican is entitled to a lien for $526, and filed notice of lien December 8, 1869, at 5 o'clock P. M.

Upon the appeal of defendant Davis, the only question presented relates to the priority of the mortgage of the property in question executed to him by defendant Germaine, over the several liens established. Upon this point a majority of this court are of opinion that the statute expressly gives preference to liens of mechanics and material-men, over any incumbrances made subsequent to the commencement of the building, and that the court having found the fact that the building in question was commenced before the execution of said mortgage, all the liens found were properly preferred to it.

This cause is therefore remanded to the court below, and the judgments entered in favor of the plaintiffs and the several defendants herein, for the respective amounts found due to them, are affirmed, and the costs of filing the several

complaints as answers in this cause, and serving copies of the same, and such costs as were necessarily incurred by them in defense and assertion of their several rights in this proceeding, shall be ascertained and taxed by the court; and it is ordered and adjudged that the appellants, Germaine and Davis, respectively, recover from the several defendants herein, the costs and charges incurred by them in answering and defending the several separate proceedings herein specified, to be taxed by the court. It is further ordered that special *fieri facias* executions issue in favor of said several parties, for the said amounts for which said judgments were rendered and their costs, by the court, if such executions have not heretofore issued, and that, if no sufficient property of defendant Germaine has been or can be found to satisfy the said several judgments and costs taxed, then the residue of such judgments, or any of them, be levied out of said property described in the complaint, and that said property, or so much thereof as may be necessary, be sold in accordance with law to satisfy the same; and that out of the proceeds of such sale there be paid the costs of suit and of sale, and thereafter the said judgments be paid and satisfied to the extent of such proceeds, in the order of filing the said several accounts and notices of lien in the recorder's office, as found by the court, and that said several liens so found by the court be decreed to be prior and paramount to the mortgage executed by appellant Germaine, to appellant Davis, mentioned and set out in the answer of said Davis, and that the surplus, if any, be brought into court to await its further order.

WARREN, C. J., dissenting. I respectfully dissent from so much of the foregoing opinion as relates to the question of priority of Davis' mortgage over the several liens established. The contracts under which the different claimants performed labor or furnished material were entirely separate and distinct, one from the other, and in my opinion the priority of each must be determined by the date at which he himself commenced to fulfill his contract, and not by the com-

mencement of some other work, under another contract by another person on the same building.　The statute contemplates the completion of the building or erection under one contract, and in that event gives preference over any incumbrance made subsequent to the commencement of the building or erection, but does not relate to several contracts, each of which is made with reference to incumbrances as they exist at the time of commencing to fulfill them respectively.

*Judgment affirmed in part and reversed in part.*