SMITH ET AL., RESPONDENTS, *v*. SHERMAN MINING
COMPANY, APPELLANT.

[Argued June 29, 1892.   Decided September 26, 1892.]

MECHANIC'S LIENS — *Statement* — *Sufficiency of account.* — A mechanic's lien state-
ment which shows the dates when the work was commenced and completed, the
total number of days' work performed, and the amount due therefor, is a suf-
ficient account under section 1371, fifth division of the Compiled Statutes, pro-
viding that there shall be filed by the party claiming a lien "a just and true
account of the amount due or owing after allowing all credits" without stating
the items of which the account consists, or the nature of the work.   (*Black* v.
*Appolonio*, 1 Mont. 346; *Nolan* v. *Lovelock*, 1 Mont. 224; *Merrigan* v. *English*,
9 Mont. 113, cited.)

SAME — *Land subject to lien* — *Construction of Act of September* 14, 1887. — Section 2
of the Act of September 14, 1887, limiting the operation of a mechanic's lien to
"the lot or land upon which any such building, improvements, or structure
is situated, to the extent of one acre, if outside of any town or city," does not
apply to a lode mining claim.   (*Alvord* v. *Hendrie*, 2 Mont. 115, cited.)

*Appeal from Sixth Judicial District, Meagher County.*

Actions to foreclose mechanic's liens.   Judgment was ren-
dered for the plaintiffs below by HENRY, J.   Affirmed.

*Thompson & Maddox*, for Appellant.

An account is "a list of items of debts and credits with their
respective dates."   (Burrill's Law Dict. p. 22, title "Account.")
A reference to the liens shows that in no case do they contain
an account.   There is no detailed statement of the demands:
only a statement setting down in a round sum what plaintiff
claims as the balance due.   This is insufficient under the
decisions of States where the statute requires the filing of a
"just and true account."   (*McWilliams* v. *Allan*, 45 Mo. 573;
*Russell* v. *Bell*, 44 Pa. St. 47; *Lee* v. *Burke*, 66 Pa. St. 336;
*Carson* v. *White*, 6 Gill, 17, 27; *Thomas* v. *Barber*, 10 Md.
380; *German L. etc. Church* v. *Heise*, 44 Md. 453, 454;
*Shackleford* v. *Beck*, 80 Va. 573; *Greene* v. *Ely*, 2 Greene, 508;
*Valentine* v. *Rawson*, 57 Iowa, 179; *Kling* v. *Railway Construc-
tion Co.* 7 Mo. App. 410, 412; *Heinrich* v. *Carondelet G. Soc.*
8 Mo. App. 588; *Hoffman* v. *Walton*, 36 Mo. 613; *Codling* v.
*Nast*, 8 Mo. App. 573; *Foster* v. *Wulfing*, 20 Mo. App. 85.)
The liens are defective in furnishing no information as to the

character or nature of the work. (*Noll* v. *Swineford*, 6 Pa. St. 187; *Lauman's Appeal*, 8 Pa. St. 473, 476; *Carson* v. *White*, *supra; Ferguson* v. *Ashbell*, 53 Tex. 245; *Schneider* v. *Kolthoff*, 59 Ind. 568; *Wade* v. *Reitz*, 18 Ind. 307; *Davis* v. *Alvord*, 94 U. S. 545; *Warren* v. *Quade*, 3 Wash. 750.) The description of the property to be charged is insufficient for any.purpose under the statutes of this State. Section 1 of the Act of March 9, 1887 (Laws of 1887, p. 71), requires a description sufficient at least for the purpose of identifying the property. Section 2 of the Act of March 9, 1887, limits the extent of the lien given by section 1370 of the Compiled Statutes to *one acre* when the land is outside of any town or city. No effort whatever is made to describe the acre to which each lien claimant seeks to apply his lien. This acre must be described sufficiently for identification or else there is absolutely no description of the property sought to be charged, and the liens and judgment are void. Under statutes limiting the operation of a mechanic's lien to one acre, the particular acre must be described with reasonable and convenient certainty. (*McCarty* v. *Van Etten*, 4 Minn. 461; *Tuttle* v. *Howe*, 14 Minn. 145; 100 Am. Dec. 205; *Ranson* v. *Sheehan*, 78 Mo. 668; *Wright* v. *Beardsley*, 69 Mo. 548; *Williams* v. *Porter*, 51 Mo. 441; *Montgomery Iron Works* v. *Dorman*, 78 Ala. 218; *Bedsole* v. *Peters*, 79 Ala. 133; *Turner* v. *Robbins*, 78 Ala. 592; *Central Trust Co.* v. *Sheffield etc. Ry. Co.* 42 Fed. Rep. 106.)

*Waterman & Callaway*, and *Smith & Gormley*, for Respondents.

The words, "just and true account," mean an honest statement of the account by the party claiming the lien. (*Black* v. *Appolonio*, 1 Mont. 342.) It is not to be construed as necessarily meaning an itemized statement. (*Ainslie* v. *Kohn*, 16 Or. 363; *Kezartee* v. *Marks*, 15 Or. 529; *Thomas* v. *Huesman*, 10 Ohio St. 152; *Lonkey* v. *Wells*, 16 Nev. 271; *Brennan* v. *Swasey*, 16 Cal. 141; 76 Am. Dec. 507; *Selden* v. *Meeks*, 17 Cal. 129; *Heston* v. *Martin*, 11 Cal. 41; *Davis* v. *Livingston*, 29 Cal. 283; *Hills* v. *Ohlig*, 63 Cal. 104; *Tredinnick* v. *Red Cloud Min. Co.* 72 Cal. 78; *Jewell* v. *McKay*, 82 Cal. 144; *Sharon Town Co.* v. *Morris*, 39 Kan. 377; *Durling* v. *Gould*, 83 Me. 134; *Rico R.*

& *M. Co.* v. *Musgrave,* 14 Colo. 79.) There is a substantial compliance with the statute as to the statement of the amount, character, and nature of the work. (*Skyrme* v. *Occidental Mill & Min. Co.* 8 Nev. 219; *Davis* v. *Alvord,* 94 U. S. 545.) The description of the property sought to be charged is sufficient. (*Tredinnick* v. *Red Cloud Min. Co.* 72 Cal. ·78; *Hotaling* v. *Cronise,* 2 Cal. 63; *Tibbetts* v. *Moore,* 23 Cal. 212; *Haley* v. *Amestoy,* 44 Cal. 132; *Kezartee* v. *Marks,* 15 Or. 529; *McNamee* v. *Rauch,* 128 Ind. 59; *North Star Iron Works Co.* v. *Strong,* 33 Minn. 1; *Vantilburgh* v. *Black,* 2 Mont. 371; *Helm* v. *Chapman,* 66 Cal. 291; *Bewick* v. *Muir,* 83 Cal. 368; *Dickenson* v. *Bolyer,* 55 Cal. 285.)

BLAKE, C. J. — This is an appeal from a judgment for the foreclosure of six mechanics' liens upon a lode mining claim. There is no material difference in the facts upon which the respective demands rest, and all depend upon the same legal propositions. We will set forth the exhibits, which are made a part of the complaint of Smith, to illustrate the questions which have been discussed by counsel: —

"STATE OF MONTANA, }
COUNTY OF MEAGHER. } *ss.*

"Exhibit B. Landon A. Smith, affiant, makes oath, and says that the annexed is a true and correct account of the labor performed and material furnished by him to and for the Sherman Mining Company, at Castle Mountain Mining District, in said county, and that the account hereto annexed (marked 'Exhibit A,' and made a part hereof) is just and true, and there is due thereon, after allowing all credits thereon, the sum of one hundred and forty dollars. That said labor was performed and material was furnished for said Sherman Mining Company at the time in said account mentioned, under and by virtue of a contract between affiant, Landon A. Smith, and said Sherman Mining Company, by John Franks, its agent, and for work and labor upon a certain mining claim located on the premises hereinafter described; and affiant further makes oath, and says that the said Sherman Mining Company, at the time said contract was entered into and said labor was performed and said material was furnished, the owner of said mine, and

that said mine is situated on a certain lot of land owned by said Sherman Mining Company, and is situated, lying, and being in the State of Montana, county of Meagher, and is described as follows: 'A certain mine, lode or quartz claim, situated in Castle Mountain unorganized mining district, Meagher County, State of Montana, known, designated, and located as the "Sherman Quartz Mining Claim."'

"And this affiant, Landon A. Smith, claims a lien on the said premises.                              ' LANDON A. SMITH.

"Subscribed and sworn to before me this twenty-third day of December, A. D. 1890.

"MAX WATERMAN, Notary Public."

"Exhibit A.   Landon A. Smith, in account with the Sherman Mining Company for work and labor done and performed in and upon the Sherman Mining Claim between the twenty-second day of October and the fifth day of December, A. D. 1890, forty days in all, at $3.50 per day; total amount due, $140.                              LANDON A. SMITH.

"Filed for record on the twenty-third day of December, A. D. 1890, at 11 o'clock, A. M.      C. E. WIGHT, County Clerk."

The testimony is not contained in the record, which consists of the pleadings and judgment.

The appellant contends that the account of Smith does not conform to the statute, which requires that there shall be filed by the party claiming a lien "a just and true account of the amount due or owing to him after allowing all credits, and containing a correct description of the property to be charged with said lien, verified by affidavit; but any error or mistake in the said account or description shall not affect the validity of said lien: provided, the property may be identified by said description." (Comp. Stats. div. 5, § 1371.) It is insisted that there should be a statement of the items in the account, and the nature of the work; and the brief cites authorities which support this contention. We have not deemed it necessary to investigate the statutes which underlie these decisions. Our courts have always favored a liberal construction of this law, and it is held in *Black* v. *Appolonio*, 1 Mont. 346, which was decided in the year 1871, that "all 'our statute requires is that a person wish-

ing to avail himself of the benefits of it should honestly state
his account.' The term 'just and true account' does not neces-
sarily imply more than this. Neither does 'a just or true
account' imply, necessarily, the exact account a jury or court
might find due under the contract." (*Nolan* v. *Lovelock*, 1 Mont.
224; *Merrigan* v. *English*, 9 Mont. 113.) The language of the
section, *supra*, confirms this interpretation by providing that an
error or mistake shall not vitiate the lien. The exhibits should
be construed together. It should be observed that the parties
to this action do not include mortgagees or persons possessing
similar interests in the property. Mr. Justice Field, in *Davis*
v. *Alvord*, 94 U. S. 547, has expressed succinctly the reasons
for the strictness of the rule which is prescribed when the rights
of such persons are involved : " The commencement of the work
must be shown, for from that date the lien attaches, if at all.
The character of the work must be shown, for it is not for all
kinds of work that a lien is allowed. The completion of the
work must be shown, for notice of claiming a lien must be filed
in the recorder's office within sixty days from that time." The
facts which are essential to the validity of the lien when subject
to this test are shown by the papers, and are sufficient in this
record. It is clearly stated in the exhibits that Smith per-
formed labor on said mining claim at certain wages for the
period of forty days, between the twenty-second day of October
and the fifth day of December, 1890, and has not received any
sum in payment thereof. (*Ainslie* v. *Kohn*, 16 Or. 363; *Lonkey*
v. *Wells*, 16 Nev. 274; *Jewell* v. *McKay*, 82 Cal. 150; *Hagman*
v. *Williams*, 88 Cal. 146.) The findings which constitute a part
of the judgment, and are not attacked by the appellant, cover
these points.

The most serious difficulty which is presented relates to the
description of the Sherman Lode Mining Claim. There is no
allegation in the pleadings or judgment which gives in clear
and precise terms the boundaries of the property. The answer
contains this averment: "That the land of the defendant upon
which the plaintiff, L. A. Smith, seeks to impose a lien is out-
side of any town or city, and embraces twenty acres of land;
and that said plaintiff's claim of lien contains no description or
designation of the one acre to which such lien is limited." The

statute is satisfied if "the property may be identified by said description." It is further enacted "that the lien given . . . . shall extend to the lot or land upon which any such building, improvements, or structure is situated to the extent of one acre if outside of any town or city." We have concluded that the restriction to one acre in the quantity of land which can be charged with the lien is not applicable to this action. The act of the first legislative assembly of the Territory, "securing liens to mechanics and others," did not embrace work upon a lode mining claim. The statute which cured this omission was approved December 6, 1867, and has not been repealed. A person who complies with the law is entitled to a lien upon a "quartz lode" to secure the payment for his labor thereon. (Comp. Stats. div. 5, § 1370.) It is apparent that the words referring to a lot or tract of land upon which a building, structure, or improvement is situate did not specify an acre or interest in a lode mining claim. The case of *Alvord* v. *Hendrie*, 2 Mont. 115, was decided in the year 1874, under legislation which is now in force; and it was adjudged that the plaintiff had a lien upon the entire interest of the owner in the lode mining claim. In *Helm* v. *Chapman*, 66 Cal. 292, the court said: "We deem it our duty to give effect to the legislative purpose by holding that one who performs labor in any pit, shaft, or gallery of a mine is entitled to a lien on the whole mining claim." In *Willamette Steam Mills Co.* v. *Kremer*, 94 Cal. 209, Mr. Justice Harrison, for the court, said: "As a general rule, the sufficiency of the description is a question of fact to be determined by the trial court. The claimant is not required, before filing his claim of lien, to make an accurate survey of the lot upon which the building stands, at the risk of losing his lien if he makes a slight mistake in giving its boundaries; nor is he even required to give the boundaries of the lot." In *Tredinnick* v. *Red Cloud Min. Co.* 72 Cal. 78, it is said: "But, however this may be, we think the description by name was sufficient for the identification of the property. It appears from the evidence that the mine was well known, and commonly spoken of as the 'Red Cloud Mine;'" and that by the word "mine" was meant "the whole claim or body of the mining ground." (2 Jones on Liens, § 1421.) We cannot, in the light of the

authorities, hold that the description of the lode mining claim is so uncertain as to render the judgment void.

It is therefore ordered that the judgment be affirmed.

*Affirmed.*

HARWOOD, J., and DE WITT, J., concur.