ESKESTRAND, Respondent, *v.* WUNDER, Appellant.

(No. 7,003.)

(Submitted March 13, 1933. Decided March 30, 1933.)

[20 Pac. (2d) 622.]

*Mr. C. F. Morris* and *Mr. George E. Hurd,* for Appellant, submitted a brief; *Mr. Hurd* argued the cause orally.

Mr. L. E. Rhodes and Mr. A. F. Lamey, for Respondent, submitted a brief; Mr. Lamey argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The defendant, Elizabeth Wunder, being desirous of remodeling a certain store building in Havre of which she was the owner, secured from the plaintiff, Lou Eskestrand, a contractor, an estimate of the cost of each item of repair to be made; the total cost to be $1,167. The defendant, being satisfied, directed the plaintiff to do the work. Subsequently additional improvements were made on the agreed basis of the cost of material and labor; these extras, as listed by the plaintiff, came to $318.49. The defendant departed from the state but left Mrs. L. E. Roper as her agent in charge of the property. The original estimate included the building of a chimney at a cost of $41, but the chimney was never built.

Within ninety days after the work was completed, the plaintiff filed a mechanic's lien against the property, with his itemized statement of materials and labor furnished, in which he listed, in addition to all other proper charges, the $41 for

the chimney and many items to which he was not entitled under the contract, so that the total amount of his claim thus made was $2,111.14. The account remaining unpaid for approximately a year, plaintiff brought action on the account and to foreclose the lien, a copy of which is attached to the complaint filed. The answer is, in effect, a general denial. The cause was tried to the court without a jury.

The record presents no conflicting evidence, but, on cross-examination, the plaintiff, who seemed to have but scant recollection of what took place when he filed his lien, admitted that he knew at the time that it contained items which should not have been included; his only excuse for not correcting it at the time was that the statement was drawn by his attorney, who told him that "it didn't make any difference"; that he was "led to understand" that, as long as he got all proper items into the lien, it was immaterial that erroneous items were included; he later testified that as soon as his attention was called to the error, he presented Mrs. Roper with a corrected statement.

The cause was taken under advisement on February 1, 1932. On March 19 the court filed its findings, the third of which is that "the mistake in the amount of plaintiff's lien * * * was without any intent to injure or defraud the defendant." Judgment followed for the amount of the original estimate less the estimated cost of the chimney, with interest from the completion of the work, and for $318.49 for extras, with interest from the date of the commencement of the action, with $150 attorney's fees and for costs. The defendant has appealed from the judgment.

The first question presented is as to the validity of the lien. It is contended that the excessive amount claimed amounts to actual or constructive fraud—a wilful and intentional attempt to force the defendant to pay much more than she was owing in order to protect her property—and that the evidence does not warrant the court's third finding, quoted above.

Counsel for defendant cite a multitude of authorities variously holding that an "overstatement," "gross overstate-

ment," knowingly and wilfully overstating the amount, fraudulently overstating the amount, making a claim in bad faith, vitiates the lien filed. As the mechanic's lien is purely a creature of statute, these decisions are applicable only in the event the statutes under which the liens in question were filed are similar to our own. An examination of the cases cited, and of the statutes of the various states mentioned, discloses that the requirement relating to the care with which a mechanic's lien statement shall be prepared, varies, in different states, from ours in the important particular, pointed out in *Camden Iron Works* v. *City of Camden,* 64 N. J. Eq. 723, 52 Atl. 477, 479, relied upon by the defendant, that the statute does not declare that "innocent mistake or honest error shall not avoid the right to enforce the lien."

The majority of the cases cited by defendant are cited in a lengthy note on the subject found in 29 L. R. A. (n. s.), beginning at page 305, under the general discussion of the effect of an overstatement or the inclusion of nonlienable items, which discussion is followed by the head "Specific statutory provisions" (page 317), under which it is said that: "In a few states the effect of an excessive claim of lien is regulated by statute. * * * Thus, in California it is provided that a wilful inclusion of a claim for work or materials not performed upon, or furnished for, the property upon which a lien is claimed, shall work a forfeiture of the lien (sec. 1202, Cal. Civ. Code)." But even under this provision it is held that the bare fact that a claim is made for more material than was actually furnished will not, in the absence of fraud, defeat the lien for the amount actually furnished. (*Harmon* v. *San Francisco & S. R. R. Co.,* 86 Cal. 617, 25 Pac. 124.)

In order to determine the effect of the overstatement admittedly made by the plaintiff, we must look to our own statute and the decisions thereunder. In our Mechanics' Lien Law we find the provision, common to most such laws, that the mechanic or materialman must file "a just and true account of the amount due him, after allowing all credits," with a description of the property charged with the lien; but we find also

the provision, absent from most such statutes, that "any error or mistake in the account or description does not affect the * * * lien, if the property can be identified by the description." (Sec. 8340, Rev. Codes 1921.) This is a more sweeping declaration than that discussed in the *Camden Case,* for nothing is said as to the mistake being "innocent" or the error "honest," but the addition of the adjectives "innocent" and "honest" would hardly change the import of the provision, for one who does not act innocently and honestly should be held to act fraudulently.

As far back as 1871 this court, in construing the law, declared: "The fact that the complaint and notice of lien claimed as due plaintiffs a larger amount than that found by the court will not destroy their lien for the amount actually due, unless there be a fraudulent intent in filing the same, which must be proven and will not be presumed." (*Mason* v. *Germaine,* 1 Mont. 263.) The decision was immediately followed in *Black* v. *Appolonio,* 1 Mont. 342, wherein the court further declared: "This court cannot infer fraud from the facts presented in this record." The record showed that the claim filed was for $719, but that the plaintiff had a lien for but $600. Again, in *Nolan* v. *Lovelock,* 1 Mont. 224, the court said that "no court of equity ought, in the absence of an express * * * statute, to hold that a person claiming a lien for more than he was entitled lost his lien, unless it clearly appeared that there was some fraud connected therewith."

These initial decisions have been followed and approved in later years. (*Smith* v. *Sherman Min. Co.,* 12 Mont. 524, 31 Pac. 72; *Wortman* v. *Kleinschmidt,* 12 Mont. 316, 30 Pac. 280, 291.) It is true that in the latter case the court remarked that "it does not appear that an excessive amount was claimed voluntarily or fraudulently," but this expression does not amount to a declaration that, if an excessive amount is claimed "voluntarily," the claim is vitiated under our statutes.

Of course, if fraud is shown in the filing, the lien is vitiated, ██ for fraud cuts down everything, but if the defendant held the belief that the action of the contractor was fraudulent,

she should have so alleged, for it is not only the rule, as stated in the *Mason-Germaine Case* above, that fraud "must be proven and will not be presumed," but it must be alleged to be available as a defense. The burden of proving fraud was on the defendant (*Cuckovich* v. *Buckovich,* 82 Mont. 1, 264 Pac. 930) and the meager facts brought out on the cross-examination of the plaintiff fell far short of such proof.

While the statement made by plaintiff on cross-examination that the lien was filed for more than the actual amount due, but that he was advised by his attorney that such error was immaterial, would indicate that plaintiff knew that he was filing an erroneous statement at the time he swore that it was a just and true account, this conclusion is negatived by his further testimony that as soon as his attention was called to the error he served a correct statement upon the defendant's agent, Mrs. Roper.

The trial judge saw the witness and observed his manner of testifying, and, while the record is somewhat confusing, it may have been clear to the judge that the discussion between attorney and client was had at the time the error was called to plaintiff's attention. The evidence, taken as a whole, is sufficient to support the court's third finding.

Defendant criticises the finding as "intermingled with conclusions," and assigns error on the court's refusal to adopt defendant's offered finding No. 7, in lieu thereof. The court's finding No. 3 is one of fact and any further finding on the subject, necessary, will be implied.

No request was made for findings in writing, as required by section 9369, Revised Codes 1921, as a basis for reversal for want of findings, nor were exceptions taken to the findings as made. (Sec. 9370.) The findings, with such implied findings as may be necessary, are sufficient to support the judgment. (*Yellowstone Nat. Bank* v. *Gagnon,* 25 Mont. 268, 64 Pac. 664; *Louis* v. *Theatorium Co.,* 69 Mont. 50, 222 Pac. 1062.)

The defendant contends that the allowance for extras should be stricken from the judgment, on the ground that the plaintiff failed to prove the reasonable value thereof. Evi-

dence was adduced, without objection, to the effect that the extras were furnished by agreement either with the defendant or her agent, on the basis of cost of material and labor, and plaintiff testified as to the cost of the items which made up the claim for each extra job performed. Under the evidence the extras seem to fall in no different category than the labor and material furnished for the original work; having agreed that the cost of labor and material should control, such cost became the reasonable value. (*Daly* v. *Kelley*, 57 Mont. 306, 187 Pac. 1022; *Callan* v. *Hample*, 73 Mont. 321, 236 Pac. 550.)

The defendant complains that, because of the excess of plaintiff's charge over the estimated cost of the repairs, she lost a sale of the property; some evidence to that effect was admitted without objection, but nothing was said as to the amount of damage suffered, if any, and, as the answer was merely a general denial, neither under the pleadings nor the proof was she entitled to an offset.

Finally, it is contended that the court erred in awarding interest on the contract price from the date of the completion of the work, and on the award for extras from the commencement of the action.

Interest is a creature of statute (*Isaacs* v. *McAndrew*, 1 Mont. 437), and we must look to the applicable statutes for the authority to award interest and the time from which it shall be computed. "Interest" is the "compensation allowed by law or fixed by the parties for the use, or forbearance, or detention of money" (sec. 7723, Rev. Codes 1921); legal interest is allowable "on all moneys * * * after they become due * * * on an account stated, and * * * on any settlement of accounts from the date on which the balance is ascertained" (sec. 7725, Id.); and "every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from

paying the debt." (Sec. 8662, Id.) "Interest is payable on judgments recovered * * * " (sec. 7729, Id.) and must be included in the judgment, entered by the clerk, from the time it was rendered or made. (Sec. 9806, Id.)

The record does not justify the assertion made that the defendant was prevented, by the act of the plaintiff in overstating his lien claim, from paying the debt prior to the trial, as the defendant was not a witness and the record is silent as to whether she ever knew what claim the plaintiff made or as to why the account was not paid. However, although the plaintiff testified that, at some time, he rendered a corrected statement to Mrs. Roper, as agent for defendant, when he commenced this action he was still insisting on the payment of the amount stated in the lien, or $2,111.14, but conceded on the trial that he was entitled to only $1,444.49. His action was not on "an account stated" nor had the balance due him been ascertained. His claim for damages for the breach of the contract to pay according to agreement, as set out in his complaint, was not "certain" nor could it be made certain by mere "calculation," which here means a determination by mathematical computation. (Webster's Int. Dictionary.) To determine the amount due required evidence on the trial, which here took the form of admission on the part of the plaintiff that he had included items in his account to which he was not entitled.

The provisions of section 7725, above, allow interest on an account when the amount due the creditor is determined—when a "balance is ascertained—" and under those of section 8662, above, only from the time of demand for payment of an open account (*Hefferlin* v. *Karlman*, 29 Mont. 139, 74 Pac. 201; *Leggat* v. *Gerrick*, 35 Mont. 91, 88 Pac. 788, 8 L. R. A. (n. s.) 1238), and the institution of an action on an open account constitutes a sufficient demand (*Hefferlin* v. *Karlman*, above). Had the plaintiff by his complaint demanded the amount to which he was justly entitled, he would have been entitled to interest on that amount from the commencement of the action, but, as pointed out, his "demand" was far in excess of the

amount to which he was entitled. The defendant could not, on that demand, pay the amount demanded and thus prevent the addition of interest. True, defendant might have tendered the amount justly due (sec. 7446, Rev. Codes 1921) and thus stopped the running of interest, but it is not shown that she had any means of knowing what was justly due the plaintiff; this by reason of plaintiff's own negligence in failing to render an account and in suing for an excessive amount. In the circumstances, the correct rule is that interest is not allowable until the exact amount due is ascertained (or ascertainable by mathematical computation), so that payment or tender could have been made at the proper time. (*Daly* v. *Swift & Co.*, 90 Mont. 52, 300 Pac. 265.) In the instant case, in order to ascertain the amount due, "it took the judgment of the court to decide" (*Palmer* v. *Murray*, 8 Mont. 312, 21 Pac. 126, 127; *American Surety Co.* v. *Cove Irr. District*, (C. C. A.) 54 Fed. (2d) 197), and therefore interest should have been allowed only on the amount found by the court to be justly due from the defendant to the plaintiff, and is allowable only from the date of the decision rendered. (Sec. 9806, above.)

The cause is remanded to the district court of Hill county, with direction to amend the judgment by striking therefrom all interest allowed prior to the entry of judgment and, as amended, the judgment will be affirmed. Respondent will recover his costs of appeal.

Mr. Chief Justice Callaway and Associate Justices Angstman, Stewart and Anderson concur.