### J. A. HAMMERS *et al.* v. J. J. MERRICK *et al.*

1. JUDGMENT *to be Set Aside.* Where a judgment cannot be justified upon any hypothesis presented by the pleadings or evidence, it ought to be set aside.

2. VALUE OF SERVICES — *No Allegation, No Evidence* — *Error.* Where, in an action for the commission for a sale of a ranch under a contract, the only defenses were, first, that there was no such contract made; second, that the defendants had by agreement been relieved from all liability; and upon the trial the evidence was limited strictly to the issues, and there was no allegation in the pleadings nor any evidence offered of the value of the services performed by plaintiffs, a judgment for less than half of the contract for commission was erroneous.

*Error from Harper District Court.*

THE facts are stated in the opinion. Judgment for plaintiffs, *Merrick & Rinehart,* for $798.17, on October 28, 1886. The defendants, *Hammers* and *Forbes,* bring the case here.

*Shepard, Grove & Shepard,* for plaintiffs in error.

*Sam. S. Sisson,* and *J. J. Merrick,* for defendants in error.

Opinion by HOLT, C.: The defendants in error, as plaintiffs, filed their petition in the Harper district court, in which they set forth that they were partners, negotiating sales of real estate and stock ranches in Kansas, and of stock ranches in the Indian Territory; that in August, 1883, they entered into a contract with the defendants as Hammers, Forbes &

Co., for the sale of their ranch in the Indian Territory, or an undivided one-half thereof; that by its terms they were either to sell, or to find a purchaser; that for their services in selling, or procuring a purchaser, Hammers, Forbes & Co. agreed to pay them 5 per cent. of the entire sum for which said ranch or the undivided one-half should be sold; that they procured J. McElwain and V. L. Lewis as purchasers; and they ask judgment for $2,025, being 5 per cent. of the amount for which the undivided one-half of the ranch was sold. The defendants answer by a general denial, which is sworn to by one of the defendants; and also that plaintiffs had released the said defendants from all liability of the claim set forth in plaintiffs' petition. The action was tried by the court without a jury, and the plaintiffs introduced testimony tending to show that they had entered into such a contract with the defendants as set forth in their petition, and had secured a sale of an undivided one-half of their ranch by introducing and showing it to McElwain & Lewis, and that they had paid therefor the sum of $40,500. The defendants introduced testimony tending to show that the contract was not made by the firm, but by one member thereof who did not have authority to bind the firm, and that the plaintiffs had released the defendants from any liability for services performed. There were no allegations nor any attempt to show the value of the services rendered by plaintiffs. The defendants stated that they sold the ranch for $37,000 instead of $40,500; the difference between the two amounts presumably was on account of the number and value of certain cattle included in the trade as a part of the ranch. The court rendered judgment for $798.17.

We have searched the record to find, either in the pleadings or the evidence, any allegation or testimony upon which we could sustain the judgment, but have been unable to find anything to support it. From both the pleadings and the evidence in the case as presented to us, there should have been a judgment for defendants for costs, or in favor of plaintiffs for 5 per cent. of $37,000 or $40,500. There was no testimony

3 — 42 KAS.

to sustain the judgment rendered, and no attempt to establish the value of the services performed as a basis for a judgment. The plaintiffs relied entirely upon what they claimed to be the contract, and their services under it; and the defendants, that the contract of plaintiffs with Forbes was entirely unauthorized by the firm; and further, that plaintiffs had relieved them of all liability for anything they may have done in procuring the sale of the ranch.

Under the issues in this case and the testimony introduced, there is no foundation for the judgment rendered. We recommend that it be reversed.

By the Court: It is so ordered.

All the Justices concurring.