**LINDSAY STATE BANK v. McGREW et al.**

No. 14298—Opinion Filed Oct. 2, 1923.

Rehearing Denied Nov. 6, 1923.

Second Rehearing Denied Jan. 15, 1924.

(Syllabus.)

**1. Evidence—Parol Evidence Varying Writings.**

The purchaser of real estate, after making a parol contract for the purchase of the land and after the execution of the deed, delivered to the seller a written memorandum as follows: "Know all men by these presents, That whereas Lottie L. McGrew and J. E. McGrew have this day conveyed by warranty deed to the Lindsay State Bank the following land, to wit: (land described) and all improvements, for the sum of $3,800, and assumption of $1,200 to Clement Mortgage Company, and any other valid lien superior to the lien heretofore had against said land. Dated this 17th day of November, 1920. Lindsay State Bank, by J. Fitch, Act. Cashier." Held, that the memorandum was not a contract sufficient to exclude parol evidence as to the terms and conditions of the contract of sale.

**2. Deeds—Consideration—Parol Evidence.**

The consideration clause in a deed of conveyance is conclusive for the purpose of

giving effect to the operative words of the deed; but for every other purpose it is open to explanation by parol proof and is prima facie evidence only of the amount, kind, and receipt of the consideration, and parol evidence is admissible to show what the actual consideration was.

Error from District Court. Grady County; Will Linn, Judge.

Action by Lottie McGrew and another against the Lindsay State Bank. Judgment for plaintiffs, and defendant brings error. Affirmed.

J. S. Garrison, Barefoot & Carmicheal, and Horton & Horton, for plaintiff in error.

Bond, Melton & Melton, for defendants in error.

COCHRAN, J. This action was commenced by the defendants in error against the plaintiff in error to recover the sum of $600, alleged to be due to the defendants in error by reason of the failure of the plaintiff in error to pay a lumber bill due by the defendants in error to a lumber company, and which defendants in error alleged was a part of the consideration for the sale by the defendants in error of certain real estate to the plaintiff in error. The parties will hereinafter be referred to as plaintiffs and defendant, as they appeared in the trial court.

The defendant complains of the action of the trial court in overruling a demurrer to the petition and in overruling a motion for a directed verdict, and in admitting certain testimony. All of these assignments of error present for consideration the same question and will be disposed of together.

It was alleged by the plaintiffs, and proof was introduced tending to support the same, that the plaintiffs were indebted to the defendant and agreed to execute to the defendant a deed to certain lands belonging to the plaintiffs, and that as a part of the consideration it was agreed that the defendant would pay to the Stephenson-Browne Lumber Company, a corporation, the sum of $600 which was then due and owing by the plaintiffs to the lumber company; that plaintiffs refused to execute the deed unless the defendant would deliver a check to the lumber company for the said sum of $600, which was evidenced by a note of the plaintiffs; that the defendant advised the plaintiffs that instead of delivering the check at that time it would deliver to the plaintiffs a written statement whereby the defendant would bind itself to

pay the lumber company the sum of $600, and that under such agreement the defendant executed and delivered to plaintiffs a written agreement, which written agreement was in the following language:

"Know all men by these presents, That whereas Lottie L. McGrew and J. E. McGrew have this day conveyed by warranty deed to the Lindsay State Bank the following land, to wit: (land described) and all improvements for the sum of $3,800, and assumption of $1,200 to Clement Mortgage Company, and any other valid lien superior to the lien heretofore had against said land. Dated this 17th day of November, 1920.

"Lindsay State Bank.
"By J. Fitch, Act Cashier."

That at the time the instrument was delivered, the plaintiffs believed that the statement contained the agreement which was made, that is, that the bank bound itself to pay the lumber company the sum of $600, and that the cashier of the bank represented to the plaintiffs that the statement was sufficient to bind the defendant to make such payment, and that, relying upon such representations, the plaintiffs executed and delivered the deed; that the agreement failed to specifically provide that the bank would pay the $600 due the lumber company, and, contrary to the agreement, the defendant prepared the written statement so as to provide for the payment of all valid liens against the land; that the plaintiffs believed at the said time that there was a lien on the land and that the agreement of the defendant bound it to pay the lumber company the sum due it.

It is contended by the defendant that the deed and the written statement signed by the bank showed the agreement made between the parties and that this agreement cannot be varied or modified by parol evidence.

It is well settled that the execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which proceeded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact; and any representation made prior to or contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract.

In the instant case, the instrument which we have set out above was not a contract between the parties, but amounted to nothing more than a written statement by the bank as to the agreement which had been

made, and as such was evidence of the agreement, and there was nothing to prevent the oral evidence from being introduced to show what the actual agreement was as to the consideration for the execution of the deed. In Tayiah v. Bunnell, 77 Okla. 40, 186 Pac. 240, this court said:

"The consideration clause in a deed of conveyance is conclusive for the purpose of giving effect to the operative words of the deed, but for every other purpose it is open to explanation by parol proof, and is prima facie evidence only of the amount, kind, and receipt of the consideration."

It was therefore proper to admit the evidence to show what the actual consideration for the execution of the deed was, and we are of the opinion that the trial court did not err in overruling the demurrer to the petition or in refusing to direct a verdict for the defendant, or in the admission of the evidence.

The judgment of the trial court is affirmed.

JOHNSON, C. J. and KENNAMER, NICHOLSON, BRANSON, HARRISON, and MASON, JJ., concur.