**DOUTHITT et al. v. WHEELER et al.**

No. 13844—Opinion Filed Feb. 3, 1925.

Rehearing Denied May 19, 1925.

### Oil and Gas—Lease Covering Two Tracts— Effect of Abandonment of One Tract.

Where an oil and gas mining lease is executed, which covers 100 acres of land, consisting of two tracts of 80 and 20 acres, respectively, and the lease on the 20 acre tract is assigned, and the assignee completes a producing oil well thereon within the time stipulated in the lease, and said lease is for a term of five years and as much longer as oil and gas, or either of them, is produced from the leased premises by the lessee or his assigns, separate leases are not created thereby upon the two tracts of land, but there remains the one lease upon the entire 100 acres, as a whole; and, where the requirements of the lease have not been complied with so as to keep the same alive and in force as to the 80 acre tract, an abandonment of the lease on the 20 acre tract will operate as an abandonment of the lease as to said 80 acre tract.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by Sarah J. Wyatt against W. B. Douthitt et al. On death of plaintiff, suit was prosecuted in name of Dora Wheeler et al., her heirs. Judgment for plaintiffs, and defendants bring error. Affirmed.

Bond & Morris, for plaintiffs in error.

Wm. G. Davisson, for defendants in error.

Opinion by JARMAN, C. This action was brought against W. B. Douthitt and others by Sarah J. Wyatt to cancel an oil and gas lease, and, upon the death of Sarah J. Wyatt, the action was prosecuted in the names of her heirs, Dora Wheeler and others, as plaintiffs, resulting in a judgment for the plaintiffs, and the defendants bring error.

The cause was submitted on a stipulation supplemented by testimony. Sarah J. Wyatt was the owner of 100 acres of land, lying in two tracts of 80 and 20 acres, respectively, on which she gave two oil and gas mining leases on December 21, 1915, to Monroe Harris; each of the leases covered the entire 100 acres, and the second lease was executed to correct an error in the first one. The leases were for a period of five years from the date thereof, and as long thereafter as oil and gas, or either of them, were produced from said land by the lessee or his assigns. The lessee agreed to complete a well on the premises within one year from the date of the lease, or to pay, in advance, $1 per acre for each additional 12 months that the completion thereof should be delayed, until the well was completed. On May 24, 1916, Sarah J. Wyatt conveyed the fee in the 20 acre tract to T. D. Wagner. Harris, the lessee, assigned the lease as to the 20 acre tract, to the Myers Oil and Gas Company, and, in the spring of 1919, this company drilled two producing oil wells on said 20 acre tract. Harris, lessee, assigned the lease, as to the 80 acre tract, to the defendants, W. B. Douthitt and others. No rentals were paid by any one, as to the 80 or the 20 acre tract, after

the two wells were completed by the Myers Oil & Gas Company, on the 20 acre tract in the spring of 1919, and the last rentals, that were paid, was on December 20, 1918, which extended the lease to December 20, 1919.

In November, 1919, Wagner brought suit to cancel the lease, as to the 20 acre tract, on account of the failure of the Myers Company to properly operate the same, and judgment was rendered cancelling said lease as to the 20 acre tract.

The instant case was commenced in April, 1920, to cancel the lease as to the 80 acre tract, and one of the grounds alleged is that the defendants had failed to pay the rentals or to complete and operate wells on the premises, so as to keep the lease in force and effect.

The life of the lease could be extended in one of two ways—by payment of the delay rentals, or by completing a well on the leased premises and paying the royalties, as provided by the terms of said lease.

The defendants contend that the drilling of the two wells, on the 20 acre tract, extended the life of the lease on the 80 acre tract, and rely upon the case of the Gypsy Oil Co. v. Cover, 78 Okla. 158, 189 Pac. 540, as authority for their position, which holds that, where an oil and gas lease, such as is involved here, is executed, and the same is assigned as to a portion of the leased premises and a well is drilled thereon and the royalties paid, within the time and manner prescribed by the terms of the lease, this extends the life of the lease on the entire leased premises, without paying rentals or drilling wells on the remaining portion of the premises, covered by the lease.

The assignees of the lease, as to the different portions of the leased premises, acquired the same rights therein as the lessee had, and the assignment of different portions did not constitute separate leases as to such portions. If the lessee had kept his lease, and he had completed a well on the 20 acre tract or any other portion of the leased premises, within the time designated by the terms of the lease, and had paid the royalties, the life of the lease upon the entire tract would be extended thereby. And the same thing would be true, if royalties had been paid from the wells drilled by the Myers Oil & Gas Company on the 20 acre tract under the lease in question, but such is not the case. After these two wells were completed in the spring of 1919, the assignees abandoned the wells and no royalties were ever paid under the lease in question, and the owner of the land, Wagner, procur-

ed a cancellation of the lease, as above set out, and took charge of the premises, and later leased the 20 acres to the Magnolia Petroleum Company, who operated the wells, and paid the royalties.

The findings of the trial court that the wells drilled on the 20 acre tract were abandoned under the lease in question, are fully supported by the evidence. It is not enough that the wells were drilled on the 20 acres, but it was equally as important that the wells should have been operated and the royalties paid under the lease. The main consideration for the leasing of the premises was for the royalties the owner would receive, if oil or gas were found; and this court in discussing a similar state of facts, as here involved, used the following language, in the case of Pierce Oil Corporation v. Schacht et al., 75 Okla. 101, 181 Pac. 731:

"* * * The drilling of a gas well upon any portion thereof (leased premises) **and the payment of the royalty** on the gas well as provided in the lease to the owner of the portion of the land where said gas well is found extends the life of the lease upon the entire tract of land." (Emphasis ours.)

The judgment of the trial court was proper under the record in this case, and the same is affirmed.

By the Court: It is so ordered.