## SMITH et al. v. GYPSY OIL CO. et al.

No. 18273. Opinion Filed Jan. 3, 1928.

Rehearing Denied March 27, 1928.

(Syllabus.)

**1. Oil and Gas—Lease Requirement as to "Commencement of Drilling" Satisfied by Bona Fide Preparation Within Term Followed by Actual Drilling Operations.**

An agreement between the lessor and lessee that the lessee "shall commence to drill a well within the terms of this lease" is complied with where the lessee, or his assign, has, in good faith, made the location for the well, moved the machinery upon the premises, erected a derrick, and drilled a water well to supply water for the drilling operations before the date of the expiration of the lease, if he, in good faith, continues to prosecute drilling operations and completes the well with diligence and dispatch, although the actual drilling of the well does not begin until after the date fixed for the expiration of the lease.

**2. Same—Lease on Entire Tract Continued in Force by Development of Portion Assigned as Authorized in Lease.**

Where an oil and gas mining lease is executed which covers 80 acres of land and which contains a provision authorizing the lessee to assign a portion of the lease and a provision that the lessee shall be obligated to pay the rentals and royalties only on that portion retained by him without any specific provision that the assigned portion of the lease, after such assignment, shall be considered as a separate lease from that portion held, the development of the one portion of the lease under the terms of the lease contract will operate to continue in force and effect the lease covering the entire tract, subject to the implied obligation to develop the leased premises with reasonable diligence.

Error from District Court, Creek County; John L. Norman, Judge.

Action by J. T. Smith et al. against Gypsy Oil Company et al. Judgment for defendants, and plaintiffs appeal. Affirmed.

R. L. Wilkinson, Eugene B. Smith, and Pounders & Pounders, for plaintiffs in error.

James B. Diggs, William C. Liedtke, and Redmond S. Cole, for defendants in error.

PHELPS, J. As the parties hereto occupy the same relative position they occupied in the trial court, they will be herein referred to as plaintiffs and defendants.

The Gypsy Oil Company, one of the defendants, was the owner of an oil and gas mining lease covering the 80 acres of land located in Creek county constituting the subject-matter of this litigation, which lease expired by its terms on September 14, 1925, unless "the lessee shall commence to drill a well within the terms of this lease." The Gypsy Oil Company assigned to Karcher and Henry, the other defendants, their lease covering 40 acres of land. Plaintiffs filed their action in the district court of Creek county to quiet title and to concel the lease covering the premises, and from a judgment against them they prosecute this appeal:

One of the grounds relied upon by plaintiffs to cancel the lease is that the provision of the lease requiring the lessee to commence to drill a well within the terms of the lease had not been complied with. This provision of the lease reads as follows:

"If the lessee shall commence to drill a well within the terms of this lease, or any extension thereof, the lessee shall have the right to drill such well to completion with reasonable diligence and dispatch and if oil or gas, or either of them, be found in paying quantities, this lease shall continue and be in force with like effect as if such well had been completed within the term of years herein first mentioned."

As hereinbefore stated, the lease expired by its terms on September 14, 1925. On September 7, 1925, defendants Karcher and Henry entered upon the south 40 acres, being that part of the land covered by the lease assigned to them by the Gypsy Oil Company, and made a location and on September 8, 1925, proceeded to build the drilling rig, which rig, or derrick, was completed on

September 12th, and on September 12th they drilled a water well from which to procure water to prosecute the drilling, but actual drilling of the oil and gas well did not commence until September 20th, but active operations were carried on from September 7th to October 27th, upon which last-named date oil was discovered, and on October 28th the well was completed as a producer.

It is the contention of plaintiffs that, as the drill bit had not penetrated the earth in the actual work of drilling the well before September 14th, defendants had not "commenced to drill a well," and, therefore, had not complied with the terms of the lease, and, for their failure to do so plaintiffs were entitled to have the lease canceled.

Defendants contend that when they entered upon the premises on September 7th, made the location and commenced the erection of their derrick and prosecuted the drilling operations with reasonable diligence and dispatch, they had thereby "commenced to drill a well" as contemplated by the provisions of the lease contract, and a proper disposition of this appeal necessarily involves a construction of this clause of the contract.

The question here involved was passed upon and settled by this court in Cromwell v. Lewis, 98 Okla. 53, 223 Pac. 671, wherein almost the identical language is used in the lease as the language used in the instant case, and upon that opinion and the authorities therein cited we must conclude that the undisputed record in the instant case shows a compliance with the terms of the contract.

The lease contract further contains the following provision:

"The lessee is given the right to assign this lease in whole or part and if it be assigned as to a particular portion of the acreage covered thereby lessee shall be liable for royalties accruing only from production on the acreage retained and be liable for rentals only in the proportion that the acreage unassigned bears to the entire leased acreage, and lessee's assignee shall be liable for royalties accruing only from production of the acreage assigned and be liable for rentals only in the proportion the acreage assigned bears to the entire leased acreage, and in no event shall this lease be canceled or forfeited as to lessee for failure to pay rentals or royalties so long as lessee shall pay rentals or royalties on the acreage retained, nor as to such assigns so long as they shall pay rentals or royalties on acreage assigned."

It is contended by plaintiffs that, inas-

much as the Gypsy Oil Company assigned to the other defendants the lease covering only 40 acres of the land and no development was commenced on the remaining 40 before the expiration of the lease, the drilling of the well by Karcher and Henry did not operate to keep alive the lease covering the 40 acres retained by the Gypsy Oil Company; while it is contended by defendants that development on one 40 kept alive the lease on the other 40.

From the language of the lease contract it is clear that it was intended that that part of the contract hereinabove quoted was intended to provide for the payment of rentals and royalties in case of assignment of a portion of the lease, and not intended to make provision for development of assigned portions of the premises in a different method than that provided in the lease contract. In the absence of such specific provision in the contract this court has repeatedly held that the development of one portion of the premises covered by the lease will keep in full force and effect the lease covering the other portions. Pierce Oil Corporation v. Schacht, 75 Okla. 101, 181 Pac. 731; Gypsy Oil Co. v. Cover, 78 Okla. 158, 189 Pac. 540; Galt v. Metscher, 103 Okla. 271, 229 Pac. 522; Douthitt v. Wheeler, 110 Okla. 131, 236 Pac. 408.

In view of the holding of this court as reflected in these authorities we deem further citation of authorities or comment unnecessary, and the judgment of the trial court is affirmed.

BRANSON, C. J,. and LESTER, HUNT, and HEFNER, JJ., concur.

Note.—See under (1) 40 C. J. pp. 1068, 1069, §685. (2) 40 C. J. p. 1070, §687.