## ALDRIDGE v. GYPSY OIL CO.

No. 18619. Opinion Filed July 3, 1928.

(Syllabus.)

**Oil and Gas—Lease Requirement as to "Commencement of Drilling" Satisfied by Bona Fide Preparation Within Term Followed by Actual Drilling Operations.**

A provision in an oil and gas lease that the lessee "shall commence to drill a well within the terms of this lease" is complied with where the lessee, or his assign, has, in good faith, made the location for the well, moved the machinery upon the premises, partially completed the erection of a derrick, and connected water, gas, and tank lines to supply water and fuel for the drilling operations before the date of the expiration of the lease, if it, in good faith, continues to prosecute drilling operations and completes the well with diligence and dispatch, although the actual drilling of the well does not begin until after the date fixed for the expiration of the lease. (Smith et al. v. Gypsy Oil Co. et al., 130 Okla. 135, 265 Pac. 647.)

Error from District Court, Seminole County; George C. Crump, Judge.

Action by E. C. Aldridge against the Gypsy Oil Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Bleakmore & Barry, Lydick, McPherren & Jordan, and Biggers, Wilson & Aldridge, for plaintiff in error.

Anglin & Stevenson, James B. Diggs, William C. Liedtke, Redmond S. Cole, and C. L. Billings, for defendant in error.

HEFNER, J. E. C. Aldridge, plaintiff in error and plaintiff below, as the owner of a 120-acre tract of land in Seminole county, brought this suit in ejectment against the Gypsy Oil Company, defendant in error and defendant below, to recover possession of the land.

There is practically no dispute between the parties as to the facts. On the 13th day of April, 1922, the plaintiff executed and delivered an oil and gas lease on the 120 acres of land to the defendant. The lease was for a term of five years from date, and as long thereafter as oil or gas was produced. Some correspondence passed between the plaintiff and defendant relative to development of the land for oil and gas purposes in the earlier part of 1927, but no acts or steps were taken by the defendant looking toward such development until the first day of April, 1927. At that time the defendant made a location on the land for a well, and shortly thereafter started the work of excavating for a cellar for the well; and thereafter the work of erecting a derrick was started, and the derrick was completed on April 18, 1927. Actual drilling on the lease started April 26, 1927, 13 days after the five-year term had expired.

The plaintiff took the position that the defendant, subsequent to midnight of April 13, 1927, was a trespasser, and made a de

mand upon the defendant for possession of the land. On May 17, 1927, the date of the trial, the well had been sunk to a total depth of 2,170 feet. The case was tried to a jury, and at the conclusion of the testimony the court sustained the motion of the defendant for a peremptory' instruction for the defendant, whereupon the court instructed the jury to return a verdict for the defendant. From the judgment so rendered, the plaintiff has brought the case here for review.

The lease under consideration contains this provision:

"If the lessee shall commence to drill a well within the term of this lease or any extension thereof, the lessee shall have the right to drill such well to completion with reasonable diligence and dispatch, and if oil or gas, or either of them, be found in paying quantities, this lease shall continue and be in force with like effect as if such well had been completed within the term of years herein first mentioned."

On January 3, 1928, and since the briefs in this case were filed, this court filed its opinion in the case of Smith et al. v. Gypsy Oil Co. et al., 130 Okla. 135, 265 Pac. 647. In that case this court construed the identical provision that is under consideration in this case. The same contentions were made therein that are here made. In that case this court said:

"An agreement between the lessor and lessee that the lessee 'shall commence to drill a well within the terms of this lease' is complied with where the lessee, or his assign, has, in good faith, made the location for the well, moved the machinery upon the premises, erected a derrick, and drilled a water well to supply water for the drilling operations before the date of the expiration of the lease, if he, in good faith, continues to prosecute drilling operations and completes the well with diligence and dispatch, although the actual drilling of the well does not begin until after the date fixed for the expiration of the lease."

The rule announced in the Smith Case, supra, is controlling in this case, and on the authority thereof, the judgment of the trial court herein is affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See 40 C. J. p. 1069, §685; 18 R. C. L. p. 1215; 3 R. C. L Supp. p. 904; 4 R. C. L. Supp. 1242; 5 R. C. L. Supp. p. 1019.