## JONES v. STEDMAN CO.

No. 27073.   Feb. 2, 1937.

Rehearing Denied March 2, 1937.

J. N. Fortner, for plaintiff in error.

Finney & Cook, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. This action was commenced to recover the balance due on two promissory notes executed by the defendant to the plaintiff and secured by certain fixtures in a meat market owned by the defendant.

The original indebtedness became delinquent, and in an agreement made with relation to readjusting the amounts due, the plaintiff took back certain of the fixtures and appliances and the dispute arose as to the amount of credit to be given in the transaction and the resulting balance due.

It was the contention of the defendant that all that remained due was $20.77 on the first note, and that the obligation evidenced by the second note was completely canceled by the delivery of certain chattels. A judgment for $105 was rendered in favor of the plaintiff. The trial was to the court without a jury. The plaintiff makes no complaint of the judgment.

The defendant contends that if his evidence is believed the court should have entered judgment for $20.77, and if the evidence of the plaintiff is believed the plaintiff is entitled to the amount sued for, which is $583.77, and cites in support thereof Hammer v. Merritt, 42 Kan. 32, 21 P. 783. An examination of that case will disclose that it is not in point. The opinion does not disclose whether the plaintiff in that case was complaining of the judgment rendered. In any event, on its facts the plaintiff was entitled to 5 per cent. of a stipulated amount as commission, or nothing. Here there was a disputed question of fact as to the amount due, and we are of the opinion that there is sufficient evidence in the record to support the judgment of the court. The plaintiff does not complain of the judgment of the court, and the error, if any, assuming that the court believed the testimony of the plaintiff, is against the plaintiff.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, CORN, and HURST, JJ., concur. RILEY, WELCH, and GIBSON, JJ., absent.