BOWES v. THOMAS.

No. 30833. Dec. 22, 1942.

*132 P. 2d 933.*

Darnell & Gibson, of Clinton, for plaintiff in error.

R. H. Dunn, of Clinton, for defendant in error.

DAVISON, J. This is an action to recover a broker's commission. It originated in the county court of Custer county, wherein J. C. Thomas, doing business as J. C. Thomas Farm Agency, instituted the action as plaintiff against Dean Bowes, as defendant.

The plaintiff alleged in substance that he was engaged in the real estate brokerage business; that the defendant was the owner of a quarter section of land (describing it); that on or about the 15th day of January, 1941, he entered into an oral contract with the defendant whereby he was authorized to procure a purchaser of the property for a price set forth in the petition, for which service, when and if performed, he was to recover from the defendant in the sum of $300.

The plaintiff averred that he had performed the contract by procuring a purchaser ready, willing, and able to buy the defendant's farm. To this petition the defendant filed an answer in the nature of a general denial. When the case came on for trial, a jury was impaneled to determine the issues of fact.

In substance, the proof supported the allegations of plaintiff's petition. It established defendant's ownership of the farm subject to certain mortgages; that he made an oral contract employing the plaintiff as broker; that the plaintiff procured a purchaser ready, willing, and able to buy. Incidentally, the proof developed that the proposed mechanics of consummating the sale when the purchaser was produced were such as to contemplate a short delay in completing the deal. These and other incidental matters are mentioned in the brief of the defendant to indicate the purchaser was not ready to purchase on the owner's terms. However, the plaintiff says that these incidental matters were not relied upon as a defense at the trial. He is corroborated by the record. The record supports the view that the defendant relied upon a revocation of the brokerage contract prior to the procurement of a purchaser and a consequent termination of the broker's authority to procure a purchaser. The defendant owner offered evidence tending to prove that prior to the procurement of the purchaser he had advised the broker that he would not be willing to sell after he had commenced sowing oats and that before the broker had found the buyer he had commenced to sow his oats.

This evidence was objected to by the plaintiff on the theory it was inadmissible under defendant's general denial. The trial court expressed the view that the objection was well taken, but allowed a part of the proof on the point to be heard, subject to a subsequent reconsideration of the objection thereto.

At the close of the evidence the court reconsidered the objection and held the same to be good, thus withdrawing and excluding the evidence. A verdict was then directed for the plaintiff.

In disposing of the case in this manner the trial court held that, in an action by a broker to recover compensation for the performance of services, an alleged termination of the contract by revocation constitutes an affirmative defense which cannot be presented by the property owner under a general denial.

In presenting the case for review, the defendant, as plaintiff in error herein, asserts that this view of the law is erroneous. In view of the theory upon which the case was presented in the trial court, this presents the only question to be decided in this appeal, since the consideration of a case on appeal is (subject to some exceptions not herein involved) confined to the theory upon which it was presented in the court below. United States Fidelity & Guaranty Co. v. State, 169 Okla. 59, 36 P. 2d 47.

The parties do not call our attention to any previous decision of this court deciding the precise question. In our own research we have found four authorities. They are: Mauser v. Hurdle, 27 Colo. 567, 140 P. 479; Bradley v. Blandin, 91 Vt. 472, 100 Atl. 920; Studt v. Leiweke (Mo. App.) 100 S. W. 2d 30; Mott v. Minor, 11 Cal. App. 774, 106 P. 244.

The first three cases above cited support the decision of the trial court; the last is contra. Thus the numerical weight of authority favors affirmance.

In our judgment the better reasoning also supports this view.

This court, in accord with the spirit of the Code, is quite liberal in the matter of pleading. However, liberality has more to do with the manner of pleading than with the failure to plead. We recognize that the principal object of any pleading is to advise the court and the adverse party of the position to be taken by the pleader, and so long as the pleader employs language complying with the Code and reasonably calculated to accomplish that purpose, it is not the function of a court to deny him his day in court merely because a better choice of language could have been made. However, this liberal view must not be expanded to the extent that some form of appropriate pleading is no longer required. Such a result would enable astute lawyers to conceal more easily from their adversary the real issues until the date of trial and bring them forth under a meager pleading in no wise calculated to advise the adversary. In this, as in other types of cases, a general denial traverses the material allegations of the petition. In an action by a broker to recover his commission, this court pointed out at an early date the essential averments. Yoder v. Randol, 16 Okla. 308, 83 P. 537. We said in paragraph 1 of the syllabus in that case:

"Where a petition properly alleges a contract of employment in relation to the sale of real estate, and avers facts showing a full performance of the broker's duty to his employer, and the accomplishment of all he undertook to do under his contract, held, a sufficient pleading, . . ."

A general denial denies that a brokerage contract was made as well as performance of the same. It does not afford the basis for asserting subsequent revocation of a contract which but for such asserted revocation would have continued to and included the date of performance. This is the majority view, and it is our view.

The trial court is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, and HURST, JJ., concur. RILEY and ARNOLD, JJ., absent.