GRISWOLD et al. v. PUBLIC SERVICE CO. OF OKLAHOMA et al.

No. 34446.   Dec. 4, 1951.

*238 P. 2d 322.*

John Griswold, Holdenville, for plaintiffs in error Louise Griswold and C. A. Griswold.

G. O. Wallace, Wewoka, for plaintiff in error Milford Lett, Jr., executor of estate of C. O. Pfenninghausen, deceased.

Hugh M. Sandlin, Hamilton & Hamilton, and Alfred Stevenson, Holdenville, John H. Alsop, Okmulgee, and S. R. Tiller and T. M. Markley, Tulsa, for defendants in error.

PER CURIAM. Two separate actions were consolidated and tried as one action. From the judgment entered in said consolidated action, two separate appeals have been taken, one by Louise Griswold and C. A. Griswold, and the other by L. Milford Lett, Jr., executor of the estate of C. O. Pfenninghausen, deceased.

The evidence disclosed that on July 12, 1943, Louise Griswold and C. A. Griswold and C. O. Pfenninghausen executed on oil and gas lease to J. T. Hall, covering the N/2 SE/4 of section 5, township 9 north, range 12 east, Hughes county, Oklahoma, which lease contained the following:

"It is agreed that this lease shall remain in force for a term of six months from date and as long thereafter as oil or gas, or either of them, is produced upon said land by the lessee.

"If lessee shall commence to drill a well within the term of this lease . . . lessee shall have the right to drill such well to completion with reasonable diligence and dispatch, and if oil or gas, or either of them be found in paying quantities, this lease shall continue and be in force with like effect as if such well had been completed within the term of years herein first mentioned.

"Party of the second part agrees to begin a well on above described land on or before August 12, 1943, and continue drilling with due diligence to the Boche sand, unless oil or gas is found in paying quantities, at a lesser depth."

The lessee commenced operations for the drilling of a well upon said land about July 15, 1943. Shortly after commencing said operations, the lessee was apprised of the rules and regulations of the Petroleum Administrator for War which required that all property interest in the SE/4 of section 5 be consolidated in order to produce gas from a well thereon. The formal order issued later reads as follows:

"Pursuant to paragraph (m) of Petroleum Administrative Order No. 11, you are hereby authorized to use material, as requested in your application dated January 15, 1945, required to produce gas from your well located in the NW/4 of the SE/4 of Section 5, Township 9 North, Range 12 East, Hughes County, Oklahoma, in the manner proposed, provided that all property interests in the SE/4 of said Section 5 are consolidated and assigned to said well."

J. T. Hall owned the oil and gas lease covering the S/2 of SE/4 of section 5, and with C. A. Griswold secured an oral agreement with the owners of all the minerals in and under the SE/4 of section 5 to communitize said 160-acre tract. Pursuant to this oral agreement, and with the consent of all the parties, the location of the well was changed to permit drainage of the entire 160-acre tract. Said well was thereafter completed as a commercial producer. While there may have been an unusual delay in completing said well, it was drilled with full knowledge and acquiescence of the Griswolds. When the lessee presented a written communitization agreement to lessors for execution, all lessors executed said agreement except Louise Griswold, C. A. Griswold and D. F. Krause, but the latter executed the agreement after institution of these actions. C. O. Pfenninghausen having died in the interim, L. Milford Lett, Jr., executor of his estate, executed the communitization agreement.

After the completion of the well, Louise Griswold and C. A. Griswold demanded that they be paid royalty on the basis of an 80-acre lease, refused to accept royalty under the communitized 160-acre tract, and instituted their action to recover royalties upon that basis, and also to cancel the oil and gas lease executed by them, for failure to drill within the terms thereof. The Public Service Company of Oklahoma, purchaser of the gas, filed an interplead-

er action as against all mineral owners under the 160-acre tract. These two actions were consolidated.

L. Milford Lett, Jr., executor of the estate of C. O. Pfenninghausen, deceased, and one of the appellants herein, contended that his execution of the written communitization agreement was conditioned upon securing the execution thereof by all mineral owners, and since this was not done, he was not bound thereby, and said communitization agreement should be canceled, set aside and held for naught.

The trial court denied cancellation of the lease and the communitization agreement, and held, among other things, that lessee had duly complied with the lease as to commencement and completion of the well; that Louise Griswold and C. A. Griswold had entered into an oral agreement to communitize the lease, and were bound thereby; that C. O. Pfenninghausen had also entered into an oral agreement to communitize the lease, and his executor, having executed a communitization agreement, was also bound thereby.

Louise Griswold and C. A. Griswold seek a reversal of this judgment, and urge that the oil and gas lease of July 12, 1943, was forfeited by reason of failure of lessee to comply with the express and implied terms thereof; that they did not enter into any oral agreement to communitize their lease with the 80-acre tract to the south thereof; that the order of the Petroleum Administrator for War did not require them to so communitize.

L. Milford Lett, Jr., executor of the estate of C. O. Pfenninghausen, deceased, seeks a reversal of this judgment for the reason there is no evidence to support the trial court's findings of fact that C. O. Pfenninghausen entered into an oral agreement to communitize; that the communitization agreement signed by the executor was signed upon the specific conditions that it was to be effective and binding only in the event all mineral owners signed

the same, and also urges, for the first time, that the judgment is erroneous for the reason that the order of the Petroleum Administrator for War was effective only as to "leasehold interest", and prior to April 16, 1945, there was no authority under the Oklahoma statutes for the execution of such communitization agreement by an executor.

We think the judgment was correct in all respects and should be affirmed.

The Griswolds contend that the lease required commencement on or before August 12, 1943, and completion of a well within six months from the date thereof, and since neither provision was complied with, the lease was forfeited. As to the first contention, the evidence discloses lessee began operations for the drilling of a well on the NW/4 of the SE/4 on or before July 15, 1943, by moving in various pieces of equipment, machinery, and supplies. When the question arose as to producing the well in compliance with the rules and regulations of the Petroleum Administrator for War, the location of the proposed well was changed with the consent of the Griswolds, to the center of the N/2 of the SE/4. There is sharp conflict as to when drilling operations were commenced on the new location, but no complaint was made as to commencement of the well until long after its completion.

The contention that the well should have been completed within six months is not well taken. The lease specifically provided that if a well was commenced within the terms thereof, lessee should have the right to drill such well to completion with reasonable diligence and dispatch. Lessors are not permitted to ignore this provision of the lease. Such provision was not rendered inoperative by the fact that the lease was for a definite term and did not provide for delay rentals. Bain v. Portable Drilling Corp., 200 Okla. 569, 198 P. 2d 207. If there was any unusual delay in the drilling of the well, it was certainly waived by the fact that the well

was drilled with the Griswolds' acquiescence and consent. In fact, they testified they wanted the well completed.

We think the evidence sustains the finding that the lessee fully complied with the express and implied terms of the lease as to commencement, drilling and completion of said well, and the court was correct in refusing to declare forfeiture. Smith v. Gypsy Oil Co., 130 Okla. 135, 265 P. 647; Bain v. Portable Drilling Corp., supra; Cosden v. Carter Wolf Drilling Co., 183 F. 2d 761.

The Griswolds next assert the lease should be canceled because they had not been paid the royalty reserved by said lease. They admit in their pleadings and testimony they refused to execute the communitization agreement, or accept the royalty payable thereunder. Their lease was communitized by their oral agreement, and thereafter royalties were payable under the communitized lease, and not under their lease. The royalty accruing under the communitized lease was tendered to them, and their refusal to accept it cannot be the basis for any action to cancel the lease.

The Griswolds next challenge the finding of the court they entered into an oral agreement to communitize their land (N/2 SE/4) with the S/2 of SE/4 of said section 5, and contend they never entered into such oral agreement. The evidence on this point was disputed. All the evidence in this record, and particularly the evidence of owners of minerals under the S/2 of SE/4, together with all the circumstances surrounding the initial location and the change in location, is convincing that such an oral agreement was entered into. Such a finding by the trial court is sustained by substantial evidence, and we would not be justified in holding to the contrary.

It is urged for the first time on appeal that such oral agreement is void, as the lands involved constituted the homestead of the Griswolds. Such claim was not urged in the pleadings in the trial court. An objection or issue presented for the first time on appeal cannot be considered. Secrest v. Williams, 185 Okla. 449, 94 P. 2d 252. We consider the case here on the same theories upon which it was presented below. Bowes v. Thomas, 191 Okla. 655, 132 P. 2d 933.

The Griswolds next urge if they did not voluntarily enter into a communitization agreement, they were not forced to enter into such agreement by the orders of the Petroleum Administrator for War. Having determined they did enter into such a communitization agreement, it is unnecessary to consider this contention.

L. Milford Lett, Jr., as executor of the estate of C. O. Pfenninghausen, deceased, urges that the court was in error in finding C. O. Pfenninghausen had entered into an oral agreement to communitize. Notwithstanding such finding, it is admitted that the executor signed the communitization agreement. Such executor is now contending the communitization agreement was to be effective and binding only in the event all mineral owners signed the same. These were the only issues presented to the court below. It was not necessary to determine whether C. O. Pfenninghausen had entered into the oral agreement to communitize. The court's finding that the executor was bound by the executed communitization agreement, is sustained by ample evidence. Certainly, if there were any conditions attached to the execution thereof, the written communitization agreement should have so stated, but it contains no restrictions. The execution of the written communitization agreement superseded all oral stipulations concerning its terms, in the absence of accident, fraud or mistake of fact. 15 Okla. Stat. Ann. §137; Lindsay State Bank v. McGrew, 96 Okla. 74, 219 P. 904.

The executor urges there was no evidence to contradict his contentions that the execution was conditioned. The court was not obliged to accept as true such testimony where in variance with

the facts and circumstances of the case. Carlisle v. State, 178 Okla. 231, 62 P. 2d 617.

Even if the executor's execution of the communitization agreement was to be effective and binding only in the event all mineral owners signed the same, the finding of the trial court the Griswolds had agreed to communitize their lease fulfills the condition attached to the executor's execution of the communitization agreement, and the lease is now fully communitized.

The executor next contends that the judgment was erroneous for the reason the order of the Petroleum Administrator for War was effective only as to leasehold interest, and prior to April 16, 1945, there was no statutory authority for the execution of such communitization agreement by an executor. These issues were not presented below and cannot be urged for the first time on appeal. Secrest v. Williams, supra; Bowes v. Thomas, supra. We consider only such questions as were raised in the lower court.

A careful study of the entire record in this case convinces us the judgment rendered below was correct, and the same is hereby affirmed.

This Court acknowledges the service of Attorneys Lynn Adams, Fisher Ames, and Robert Belisle, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.