## LEATHERMAN v. FREEMAN.
### No. 34823.

Supreme Court of Oklahoma.
Jan. 12, 1954.
Rehearing Denied Feb. 2, 1954.

Curtis P. Harris, Oklahoma City, for plaintiff in error.

Little & Hoyt, J. Cal Counts, Oklahoma City, for defendant in error.

PER CURIAM.

In the trial court Howard S. Freeman, defendant in error here, was plaintiff, and H. A. Leatherman, plaintiff in error here, was the defendant. For convenience we shall hereinafter refer to said parties respectively as plaintiff and defendant, the positions in which they appeared in the trial court.

By this action plaintiff seeks to recover $1000 from defendant as a real estate commission, under an alleged oral contract whereby he was employed by defendant as

**474**

the exclusive real estate agent with the exclusive right to sell certain residential property in Oklahoma City owned by the defendant.

Plaintiff alleged in his petition and at the trial testified that under said agreement the listing of said property with plaintiff was an exclusive one which was to continue until said property was sold; that defendant agreed to pay plaintiff a commission of five percent of the sale price obtained for said property; that, after advertising and showing said property at his own expense of time and money for approximately two months, he obtained from one V. L. Burrows a written offer to purchase said property for $20,000; that thereupon he submitted said offer to defendant, who instructed that a counter-offer calling for a sales price of $21,000 be submitted to Burrows; that plaintiff promptly submitted such counter-offer to Burrows, who declined same, but still offered to purchase the property for $20,000; that, although defendant purported to reject the $20,000 offer at that time, several days later without plaintiff's knowledge or consent the defendant, fraudulently dealing directly with Burrows, sold the property to Burrows for $20,000, and now refuses to pay plaintiff any commission on said sale.

By his verified answer, the defendant specifically and generally denied the allegations of said petition and with particularity denied that plaintiff procured the purchaser for said property or acted as defendant's agent or broker in the consummation of any sale thereof.

By verified reply, plaintiff denied the statements contained in defendant's answer.

While the evidence with respect to many material issues is conflicting, it establishes without conflict that defendant did list his property for sale with plaintiff as his agent; that for several weeks plaintiff advertised the property for sale and showed it to many prospective purchasers; that on several occasions he showed it to Mr. and Mrs. Burrows; that on August 3, 1949, which was approximately two months after said listing, plaintiff procured from Burrows a written offer, accompanied by a $2000 deposit, to purchase said property for $20,000; that on the next day (August 4) defendant, purporting to reject said offer, by way of counter-offer revised and altered said written offer of Burrows by changing the offered price from $20,000 to $21,000 and by writing therein a condition that the transaction be consummated by 4 p. m. August 5; that a written acceptance of said offer as so revised and altered was executed by defendant; that said acceptance expressly provided for the payment by defendant to plaintiff of the usual real estate commission; that, at defendant's instruction, plaintiff presented the counter-offer to Burrows, who rejected it, saying that the offer as originally written still stood; that when Burrows rejected the counter-offer plaintiff, at defendant's instructions, returned to Burrows the $2000 deposit check; that three days later, August 7, defendant, without plaintiff's knowledge or consent, contacted Burrows and accepted Burrows' offer to purchase the property for $20,000; that on August 8 the sale from defendant to Burrows at said price was consummated without plaintiff's knowledge.

The evidence is conflicting as to whether or not defendant employed plaintiff as exclusive agent to handle the sale of the property. Plaintiff testified that such was the agreement and that defendant agreed that any prospective buyer which defendant should obtain would be referred to plaintiff for handling. Defendant denied this, testifying that he retained the right to sell to any prospect obtained by him. Nevertheless the evidence establishes that defendant introduced Burrows as a prospective purchaser to plaintiff on June 1, 1949, the first day the property was open for public showing by plaintiff, and that from that time until August 4 plaintiff handled the further negotiations with Burrows. Defendant testified that prior to said introduction Burrows, by direct offer to him, had offered to purchase the property and either pay $20,000 cash or trade another property and $4000 in cash therefor. Plaintiff testified that at the time of the introduction Burrows had not made the $20,000 cash offer, but had only made the offer to trade.

In a trial without a jury, the trial court rendered judgment for plaintiff against the defendant in the amount of $500.

In his petition in error on this appeal defendant urges that the trial court erred in overruling his motion for new trial, and that said court erred in rendering judgment for defendant in error. The motion for new trial does not raise any specific questions of error occurring at the trial, but was predicated upon the general grounds that the trial court's judgment was contrary to and not supported by the law, the evidence and the pleadings in this case.

In this appeal defendant urges as grounds for reversal two propositions, neither of which in our opinion is applicable to the case at bar.

In the first proposition defendant contends that where plaintiff, a real estate agent, brings an action for commission alleged to have been earned on the sale of land and relies on a special contract, he cannot recover upon quantum meruit or some other new and independent theory. In· this connection defendant points out that plaintiff alleged an oral contract under which he was to be paid a five percent commission on the sale of the property, and that under such contract, if the plaintiff is entitled to recover at all he would have been entitled to recover five percent of $20,000, or $1000, whereas the court's judgment was for $500. Accordingly, the defendant contends that the court's judgment is contrary to and not supported by the evidence and the pleadings.

■ As an abstract proposition of law defendant's first proposition is a sound one and is supported by the decisions of this court. However, the said proposition is not applicable under the evidence in this case. While it is true that plaintiff alleged and testified to an oral contract under which he was to receive a five percent commission, plaintiff further testified that at the time when he submitted Burrows' written offer to purchase the property for $20,000, he agreed, at defendant's request, to reduce his commission to $500, provided the transaction be closed by the next day. While the transaction was not actually consummated on the next day, it would have been but for defendant's refusal on that day to accept Burrows' $20,000 offer. Defendant's action in so refusing and then three days later accepting the offer by dealing directly with Burrows smacks of unfair dealing in an effort to avoid paying a commission to plaintiff. Under such circumstances defendant is in no position to complain that the condition was not literally complied with. Chilton v. Oklahoma Tire & Supply Co., 180 Okl. 39, 67 P.2d 27.

The evidence shows that defendant had an immediate need for money and that it was he who was insisting on a quick sale of the property, and that it was in that connection that he requested plaintiff to reduce his commission. The testimony of the parties bearing on the agreement to reduce the commission does not warrant a finding that strict compliance with the condition was intended. The evidence justifies a finding that there was a substantial compliance with the condition and is sufficient to support the trial court's judgment in the amount of $500. In that respect this case differs and is therefore distinguishable from Hammers v. Merrick, 42 Kan. 32, 21 P. 783. See Jones v. Stedman Co., 179 Okl. 291, 65 P.2d 1007, where, under circumstances similar to those in the case at bar, we held that the Hammers case was inapplicable.

■ As his second proposition, defendant urges that plaintiff was not the procuring cause of the sale, contending that "to be a procuring cause of a sale an agent must call the purchaser's attention to the property and start negotiations which culminate in the sale thereof." While the evidence is conflicting as to whether or not the plaintiff's agency was an exclusive one, there is sufficient evidence to support a finding that it was. The plaintiff so testified, stating further that defendant agreed that any prospects which he obtained would be referred to plaintiff for handling. Where the agency is an exclusive one with the exclusive right to sell, the agent does not have to be the procuring cause of the sale in order to be entitled to his commission.

As we stated in the case of Shorten **v.** Mueller, 206 Okl. 62, 241 P.2d 187, 189:

(4) "The applicable general rule is stated in 8 Am.Jur., section 195, as follows: 'It may be stated generally that a broker having an exclusive agency to negotiate a sale of property for a specified commission may recover such commission where the owner effects a sale through another broker, even though the first broker has not procured a purchaser ready, able, and willing to comply with the terms of the contract, * * *.'"

But even if the agency was not an exclusive one, the evidence, although conflicting, is sufficient to support a finding that plaintiff was the procuring cause of the sale consummated by defendant with Burrows. Plaintiff testified that at the time defendant introduced Burrows to him as a prospective purchaser, the only offer made by Burrows was to trade his house plus $4000 for the defendant's property, and that the first cash offer obtained from Burrows was the $20,000 written offer procured by plaintiff on August 3.

The defendant also contends that whatever contract he may have had with plaintiff relating to the sale of his property had been revoked and plaintiff discharged as the agent some two weeks prior to the time plaintiff procured and submitted the written offer from Burrows. Revocation of a real estate broker's authority to sell must be specially pleaded as an affirmative defense and cannot be proven under a general denial. Bowes v. Thomas, 191 Okl. 655, 132 P.2d 933, 144 A.L.R. 692. However, since plaintiff failed to object to defendant's testimony on this point, the court may consider defendant's answer amended to conform to his evidence and may consider such evidence in arriving at its judgment. R. J. Bearings Corp. v. Warr, 192 Okl. 133, 134 P.2d 355. But here again there was a conflict in the evidence, the defendant testifying that the contract had been revoked and the plaintiff testifying that there had been no such revocation.

Regardless of the conflicts in the evidence, an examination of the record herein reveals that every finding essential to the trial court's judgment is supported by substantial evidence. The rule is well established that where an action of legal cognizance is tried to the court without a jury, and there is a conflict in the evidence on the issues joined, determination of the questions of fact therein is for the trial court, and this court on appeal will not weigh the evidence or determine the credibility of the witnesses, that being the province of the trial court. Stephens v. Mortgage Bond Co., 170 Okl. 111, 38 P.2d 930.

Accordingly the judgment of the trial court is affirmed.

This Court acknowledges the services of attorneys Hawley C. Kerr, Robert D. Hudson, and C. Lawrence Elder, who as special masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.