**MORAL INS. CO. v. MOON.**

No. 36013.

Supreme Court of Oklahoma.

June 22, 1954.

John A. Cochran, Tulsa, for plaintiff in error.

Looney, Watts, Ross, Looney & Smith, Oklahoma City, Sanders & McElroy, Tulsa, for defendant in error.

WILLIAMS, Justice.

The parties hereto are referred to herein as they appeared in the trial court.

Plaintiff, T. J. Moon, sued defendant, Moral Insurance Company, alleging that on May 3, 1952, he was the holder of a contract of insurance issued to him by defendant covering a 1946 Chevrolet automobile indemnifying him for any loss or damage thereto due to collision or upset and that on said date the automobile was involved in an accident whereby it sustained damage in the amount of $500. Prayer was for judgment against the defendant for $450, the amount of damage sustained less $50 deductible, as provided in the policy.

Defendant's answer was an unverified general denial.

Trial was had to a jury and plaintiff was called as a witness. Plaintiff testified that he had purchased the insurance policy in question and it was introduced in evidence without objection. Plaintiff also testified that his automobile was damaged as alleged in the petition and that he had notified defendant of his loss and had made a claim and submitted a proof of loss to the company, but had never been paid.

Upon cross-examination, counsel for defendant attempted to inquire as to whether or not the premium paid by plaintiff had actually been sent to the defendant. Plaintiff objected to this line of cross-examination and the objection was sustained. Counsel for defendant then stated that defendant admitted the issuance of the insurance policy but that in avoidance thereof he intended to show that the premium had not been received by defendant and that the policy had been cancelled prior to the date of the accident. Plaintiff objected to such tendered proof and the objection was sustained. Counsel for defendant then stated that it had no other or further defense. The court then on motion of plaintiff directed a verdict for plaintiff in the amount of $450.

Defendant appeals, urging three propositions of error. The basis for all of defendant's propositions is his contention that he was entitled to prove non-payment of premium to the defendant and cancella-

tion of the policy by defendant prior to the date of the loss in question. We find no merit in this contention. Plaintiff pleaded a written contract of insurance and his cause of action was based thereon. Defendant's answer consisted of an unverified general denial. Such answer, being unverified, did not place in issue the existence of the contract of insurance. 12 O.S.1951 § 286. The only issue raised by the general denial was whether the accident involving the insured automobile had occurred as alleged and the amount of damage sustained by such vehicle. Plaintiff supplied evidence sufficient to sustain a verdict on this issue which was not controverted by defendant in any way. Defendant's only offer of proof consisted of an offer to prove non-payment of premium to defendant and cancellation of the policy because of such non-payment. This constituted an affirmative defense in avoidance of the contract which cannot be presented under a general denial. Bowes v. Thomas, 191 Okl. 655, 132 P.2d 933, 144 A.L.R. 692.

We find no error in the judgment appealed from, and it is therefore affirmed.

Supersedeas bond having been filed herein and our attention having been called thereto, judgment is rendered accordingly in favor of plaintiff thereon.