**C. K. SMITH, Plaintiff in Error,**

v.

**E. L. FINDLEY, Defendant in Error.**

No. 36980.

Supreme Court of Oklahoma.

April 24, 1956.

Rehearing Denied June 12, 1956.

Lou Etta Bellamy Dick, Leslie Webb, Tulsa, for plaintiff in error.

Dean H. Smith, Robert R. Cress, Tulsa, for defendant in error.

PER CURIAM.

This is an action by the defendant in error to foreclose a mechanic and material-man's lien against the property of the plaintiff in error. Judgment was for the plaintiff in the trial court for foreclosure of the lien, a personal judgment having been waived. The parties are hereinafter referred to by their trial court designation.

The plaintiff and defendant entered into an oral contract on or about February 4, 1954, by the terms of which the plaintiff was to furnish material for and perform labor in the construction of a service station for the defendant. Approximately two months later, the defendant became dissatisfied with the plaintiff's work and

terminated the contract. On April 17, 1954, the plaintiff filed his lien statement for $1,084.18. On April 21, 1954, the plaintiff instituted this action to foreclose that lien. The defendant thereupon filed a motion to dismiss, alleging that the action was premature. This plea in abatement was overruled, and the action of the trial court in this regard is assigned as error.

By a provision of 42 O.S.1951 § 143, "no owner shall be liable to an action by such contractor until the expiration of * * * sixty days" from the last date upon which the material was furnished or labor performed. By the express terms of this statute the action was premature. It is not until the expiration of the sixty-day period that the owner is absolved from liability for other liens that may be filed by sub-contractors under the provisions of the lien law, and this provision is for his protection. However, upon hearing the motion to abate, the court in this case ordered a stay in the proceedings until June 4, 1954, which was after the prescribed sixty days, and thereupon overruled the motion, The court also allowed the defendant ten days to plead or fifteen days to answer from June 4, 1954. Actually, the defendant did not file his answer until September. Under the circumstances, the error of the court was, at most, harmless; for the defendant's rights were fully protected by the stay of proceedings until a time subsequent to the running of the period during which sub-contractors might have filed a lien. 12 O.S.1951 §§ 78 and 636; 22 O.S.1951 § 1068.

The lien statement filed by the plaintiff was itemized. Contained in the statement was a charge for five reconditioned pumps in the amount of $683.40, and an item of receipt of $250 as payment on the pumps. Before taking testimony at the trial, a record of the proceedings of the pre-trial conference was dictated in which these two items were withdrawn from the issues, inasmuch as the pumps were never actually delivered. The court thereupon directed the cause to proceed on the remaining items of the statement expressly omitting from consideration the contract concerning the pumps. The de-

fendant made no objection to this ruling nor did he request the court's permission to amend his answer to include the payment on the pumps as a set-off to the plaintiff's claim. It is now asserted that this amendment of the lien statement violated the provisions of 42 O.S.1951 § 172, which allows amendments of lien statements "except as to the amount claimed." An attempt is made to show that the amendment resulted in an increase of the amount claimed, but the defendant's computation in this regard is inaccurate in that he ignores the total amount claimed by the plaintiff before allowing any deductions and bases his conclusion on the amount shown to be due after allowing credits. We have held in Parker v. Everetts, 196 Okl. 408, 165 P.2d 630, that an amendment increasing the amount is reversible error unless a remittitur to the proper amount can be determined; but, where, as here, the amendment results in a decrease of the amount of the lien claimed, it could hardly be prejudicial to the property owner-defendant.

 The last proposition urged is that the plaintiff is not entitled to foreclose the lien because he filed a lien statement grossly in excess of the amount actually due. This question does not seem to have been presented heretofore in this jurisdiction. Generally, it appears that the rule is: "that where the claimant has intentionally or through culpable negligence overstated the amount due him such overstatement will render the whole lien void, but a mere mistake in the statement will not necessarily render the whole lien void when it is evident that no fraud is intended, and where it has not misled the defendant owner to his prejudice in making his defense." Drake Lbr. Co. v. Paget Mortgage Co., 203 Or. 66, 274 P.2d 804, 811. Whatever might be the rule, from an examination of the record in this case it is apparent that the proposition was not presented by the pleadings nor urged in the trial court. The defendant did not urge that the inclusion of the unde-

livered pumps voided the lien but defended on the theory that the work was defective. The court was not asked to determine whether there was good faith on the part of the plaintiff or whether the pumps were included therein through inadvertence or an honest mistake as to their propriety as a part of the lien. Certainly, the mere inclusion of unused items, standing alone, is not sufficient to justify a court of equity in denying the plaintiff his lien. This would be too harsh. Gaskell v. Beard, 58 Hun 101, 11 N.Y.S. 399; Eskestand v. Wunder, 94 Mont. 57, 20 P.2d 622. Here, the plaintiff removed the item from consideration at the pre-trial conference and, inasmuch as the account was itemized, the inclusion of this item therein could not have misled the defendant. In any event, the point was not properly urged in the trial court and cannot be presented here for the first time. Griswold v. Public Service Co. of Oklahoma, 205 Okl. 412, 238 P.2d 322.

Judgment for the plaintiff is affirmed.

On motion of defendant in error, included in his brief, judgment is here rendered in his favor against the sureties on the supersedeas bond on file herein, for the sum of $575.78 and $200 attorney's fee, with interest from March 31, 1954, at six per cent per annum and costs, such judgment on the supersedeas bond to be entered and enforced by the trial court, as if there rendered.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease and approved by Commissioners J. W. Crawford and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.